**PUEBLO OF SANTO DOMINGO,**
Plaintiff,

v.

**Arnold RAEL, et. al., Defendant.**

No. CIV.83–1888 MV/LFG.

United States District Court,
D. New Mexico.

Aug. 28, 2002.

Richard W. Hughes, Esq., Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Enfield, LLP, Santa Fe, NM, for Plaintiff.

Chris Lucero Jr., for Defendant.

## *MEMORANDUM OPINION AND ORDER*

VAZQUEZ, District Judge.

**THIS MATTER** comes before the Court on Defendants' Motion to Set Aside "Order of Dismissal" [**Doc. No. 179**], filed January 23, 2001, and Defendants' Motion to Extend Time Limits for Notice of Appeal and for Filing a Motion for Attorney's Fees and for Filing a Motion to Amend Counterclaim [**Doc. No. 181**], filed January 30, 2001. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Defendants' motions are not well-taken and will be **DENIED.**

### BACKGROUND

Plaintiff Pueblo of Santo Domingo (the "Pueblo") commenced the instant action in 1983 to quiet title to three tracts of land located within the Diegos Gallegos Grant, a Spanish land grant that was originally made in 1735, and which the Pueblo purchased in 1748 from the widow of the original grantee. In its complaint, the Pueblo alleged that the three parcels of land owned by Defendants were within the boundaries of the Diego Gallegos Grant, and that the patents to Defendants or their predecessors from the United States were void.

In their answer to the complaint, Defendants asserted a counterclaim, seeking damages for slander of title. Plaintiff filed a motion to dismiss the counterclaim. In a Memorandum Opinion and Order dated June 6, 1984, the Court granted Plaintiff's motion, holding that the counterclaim was barred by the Pueblo's sovereign immunity as an Indian tribe.

Following various other pre-trial rulings, including a grant of partial summary judgment in favor of Plaintiff on the issue of the validity of the Pueblo's title, a jury trial was held, which resulted in a judgment in favor of the Pueblo quieting its title against Defendants as to the three tracts of land (the "Judgment"). Defendants filed an appeal with the Tenth Circuit Court of Appeals, claiming as error most of the Court's rulings. On appeal, Defendants did not raise the issue of the Court's dismissal of their counterclaim.

In an Order and Judgment dated July 20, 1989, the Tenth Circuit vacated the Judgment, holding that the Pueblo's position in the instant case was inconsistent with its position in *Pueblo of Santo Domingo v. United States*, Dkt. No. 355 (Ct.Fed.Cl.) ("Claims Court Action"). The Claims Court Action, brought under the Indian Claims Commission Act, was then pending in the United States Court of Federal Claims and involved the same land area at issue here. The Tenth Circuit remanded the instant case to the Court, directing that it remain pending until resolution of the Claims Court Action. The appellate decision did not address any issue related to Defendants' counterclaim.

In May 2000, the parties to the Claims Court Action reached a settlement, which included the land at issue in the instant case. Congress approved the settlement, enacting the Santo Domingo Pueblo Claims Settlement Act of 2000, Pub.L. No. 106–425. As part of the settlement, the Pueblo agreed to a dismissal, with prejudice, of its claims in the instant case.

On November 20, 2000, Plaintiff's counsel wrote to Defendants' counsel, asking that he concur in a motion to dismiss the instant case. Defendants' counsel did not respond to the letter, and when Plaintiff's counsel contacted him by telephone, Defendants' counsel

stated that he did not have the authority to concur in the motion without first speaking with his clients. Thereafter, on December 20, 2000, Plaintiff served a Motion to Dismiss upon Defendants.

When Defendants did not to respond to the Motion to Dismiss within the time prescribed by the Court's local rules, Plaintiff filed the Motion to Dismiss. On January 11, 2001, the Court signed an Order of Dismissal, dismissing with prejudice the complaint herein. Thereafter, on January 23, 2001 and January 30, 2001, respectively, Defendants filed their Motion to Set Aside "Order of Dismissal" ("Motion to Set Aside"), and their Motion to Extend Time Limits for Notice of Appeal and for Filing a Motion for Attorney's Fees and for Filing a Motion to Amend Counterclaim ("Motion to Extend").

## DISCUSSION

### A. *Defendants' Motion to Set Aside*

Defendants allege that they were not allowed adequate time to respond to Plaintiff's Motion to Dismiss, and that, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, the Order of Dismissal should be set aside. In their supporting memorandum of law, however, Defendants provide no legal authority to support their claim for relief under either Rule 59 or Rule 60.

Rule 59 sets forth the procedure for seeking a new trial or amending or altering a judgment within ten days after entry of such judgment. *See* Fed.R.Civ.P. 59. As Defendants seek neither a new trial nor an alteration or amendment of a prior judgment, Rule 59 is irrelevant to this case.

Rule 60(b) gives the Court authority to grant relief from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). District courts have "substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod.*

*Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990). Defendants do not advance any particular ground on which they believe relief from judgment is warranted. The Court, therefore, will address each of the enumerated grounds in order to determine whether any of them provides a valid basis upon which to set aside the Order of Dismissal.

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999). There is no claim here that Defendants' attorney has acted without authority, or that the Court made a substantive legal error in its prior judgment.

Defendants do, however, proffer an explanation for their attorney's inability to respond to the Motion to Dismiss in a timely manner, which this Court construes as an effort to establish an "excusable litigation mistake." Defendants' attorney states that he was unable to find his own file on this case, that when he went to the Clerk's Office on December 27, 2000 to copy the file, the file was not there, that he had to order the file, and that the file was not available to be picked up until January 16, 2001. In addition, Defendants' attorney explains that he was in a violent road biking accident on January 13, 2001, which confined him to his bed until January 22, 2001.

The Court is not persuaded that these facts establish an excusable litigation mistake. First, although Plaintiff's attorney contacted Defendants' attorney as early as November 20, 2000, Defendants' attorney did not attempt to review the court file until December 27, 2000, more than one month later. Moreover, Defendants' attorney's bike accident did not occur until January 13, 2000, five days after Defendants' time to respond to the Motion to Dismiss had expired, and after Defendants had mailed their Motion to Extend. Notably, at no time either before or after Plaintiff filed the Motion to Dismiss did Defendants' attorney attempt to contact

Plaintiff's attorney to discuss the motion or to request additional time to respond.

The case law is clear that such negligence or carelessness on the part of an attorney is not a sufficient ground for relief pursuant to Rule 60(b)(1). *See Pelican Prod. Corp.*, 893 F.2d at 1146 ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)"); *Blinder, Robinson & Co. v. United States Sec. and Exch. Comm'n*, 748 F.2d 1415, 1420 (10th Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985) (holding that, where failure to object to improper evidence was due to negligence of counsel, there was insufficient showing to warrant relief under Rule 60(b)(1)). Indeed, to hold otherwise would be tantamount to "visiting the sins of [Defendants'] lawyer upon the [Plaintiff]." *Id.* at 1421 (citations omitted). Accordingly, Rule 60(b)(1) is not a valid basis upon which to grant Defendants relief from the Order of Dismissal.

Defendants do not advance any arguments to suggest that they are seeking reconsideration on grounds of newly discovered evidence or of fraud, misrepresentation, or other misconduct of an adverse party, nor do Defendants suggest that the judgment is void or has been satisfied, released, or discharged. Therefore, Rules 60(b)(2), (3), (4), and (5) provide no basis upon which to grant relief.

Rule 60(b)(6) provides that the Court may grant relief for "any other reason justifying relief from the operation of the judgment." However, it is well settled that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996) (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir.1993)). Indeed, Rule 60(b)(6) relief "is appropriate only 'when it offends justice to deny such relief.'" *Yapp*, 186 F.3d at 1232 (citations omitted). The Court does not find that there are any extraordinary circumstances that would justify a grant of relief from judgment under Rule 60(b), or that the denial of such relief would offend justice.

Neither Rule 59 nor Rule 60(b) of the Federal Rules of Civil Procedure provides a basis for this Court to set aside the Order of Dismissal. Defendants thus have failed to establish that they are entitled to relief under either theory presented in their motion papers. Accordingly, Defendants' Motion to Set Aside must be denied.

Moreover, the Court finds no merit in Defendants' argument that they are entitled to have the Order of Dismissal set aside so that they can pursue their counterclaim and file a motion for attorney's fees. As set forth above, the Court dismissed Defendants' counterclaim in 1984, and Defendants did not seek appellate review of that dismissal. Defendants' counterclaim has no more merit today than it did in 1984: the Pueblo's sovereign immunity remains unchanged, and the Tenth Circuit did not rule otherwise. As Defendants have no outstanding claim in this action, dismissal of the action, which effectively will clear Defendants' title to the land at issue herein, will result in no prejudice to Defendants.

With regard to attorney's fees, the law is clear that, "absent a statute or enforceable contract, a prevailing litigant is ordinarily not entitled to collect reasonable attorney fees from the loser." *Aguinaga v. United Food and Commercial Workers Int'l Union*, 993 F.2d 1480, 1481 (10th Cir.1993). Defendants point to no statute or other authority that would entitle them to collect attorney's fees from Plaintiff. Nor do Defendants demonstrate that one of the "small number of equitable exceptions to the American Rule" applies here. *Id.* at 1482. Indeed, Defendants provide no explanation whatsoever for their claimed entitlement to attorney's fees, and the Court can think of none. Accordingly, it would be improper for this Court to set aside the Order of Dismissal simply to allow Defendants to pursue a frivolous claim for attorney's fees.

Further, Defendants' time to file a motion for attorney's fees ran for fourteen days after entry of the Order of Dismissal. *See* Fed. R.Civ.P. 54(d)(2)(B). Thus, Defendants had until January 25, 2001, two days *after* they filed the instant Motion to Set Aside, to file a motion for attorney's fees. Defendants have failed to provide any explanation for their

decision to file a Motion to Set Aside on January 23, 2001, rather than a proper motion for attorney's fees, which would not have been due until January 25, 2001 and which would not have required that the Order of Dismissal be set aside.

### B. *Defendants' Motion to Extend*

#### 1. *Notice of Appeal*

Defendants first request an extension of their time to file a notice of appeal of the Order of Dismissal. This request for relief is unnecessary. A Rule 60(b) motion tolls the time for filing a notice of appeal, so long as such motion is filed no later than ten days after the judgment is entered, computing the time period as provided in Federal Rule of Civil Procedure 6(a). *See* Fed. R.App. P. 4(a)(4)(A)(vi). Rule 6(a) provides that for periods of fewer than eleven days, intervening weekends and holidays are not counted. *See* Fed.R.Civ.P. 6(a). The Order of Dismissal was entered on January 11, 2001. Ten days from that Order, not counting intervening weekends and holidays, would have been January 26, 2001. Defendants' Motion to Set Aside, made pursuant to Rule 60(b), was filed on January 23, 2001—within the time allowed by the rule. Accordingly, no further relief is required to toll the time for filing a notice of appeal.

#### 2. *Attorney's Fees*

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, a party may make a motion for attorney's fees and related expenses no later than fourteen days after the entry of judgment. *See* Fed.R.Civ.P. 54(d)(2). A motion for attorney's fees must specify the judgment and the statute, rule or other grounds entitling the moving party to the award and must state the amount or provide a fair estimate of the amount sought. *See Id.* Defendants request an extension of their time to make a motion for attorney's fees. In support of this request, Defendants' attorney states only that he was "unable physically and medically to do this motion within the time limit." Defendants' Motion to Extend at p. 3. As set forth above, this Court finds no sufficient explanation for Defendants' decision to file the Motion to Set Aside on January 23, 2001 and the Motion to Extend on January 30, 2001, rather than a proper motion for attorney's fees, which would not have been due until January 25, 2001. Also as noted above, Defendants have cited no statute, rule or other grounds entitling them to a fee award. Nor have Defendants stated the amount of fees or provided a fair estimate of the amount of fees sought. Under these circumstances, an extension of time for Defendants to pursue a claim for attorney's fees is unwarranted.

#### 3. *Counterclaim*

Defendants contend that the "circumstances are drastically different from what existed before the lower court when it dismissed Defendants' counterclaim back in 1984." Defendants' Motion to Extend at p. 3. For this reason, Defendants seek permission to file an amended counterclaim, and find support for this request in Rule 13(f) of the Federal Rules of Civil Procedure. Rule 13(f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f).

As discussed above, Defendants' counterclaim was dismissed by the Court in 1984 on the grounds of sovereign immunity. Defendants have not attempted to revive this claim since, nor did they appeal the Court's dismissal to the Tenth Circuit. The fact that the Pueblo is an Indian tribe and thus immune from suit has not changed since 1984. Thus, regardless of any change in circumstances since 1984, the relevant fact on which the Court's dismissal of the counterclaim was based remains unchanged. Dismissal of Defendants' original counterclaim, or any other counterclaim that they might bring under Rule 13(f), would be equally warranted today as it was in 1984. Further, the applicability of Rule 13(f) to the instant case is questionable, as Defendants have failed to identify any new claims that they have against the Pueblo which were not originally pled as a result of "oversight, inadvertence or excusable neglect," or which should be allowed now in the interest of justice.

**CONCLUSION**

Defendants have failed to establish any legally cognizable grounds for their request that the Order of Dismissal entered on January 11, 2001 be set aside. Further, Defendants have failed to establish that they are entitled to an extension of time within which to file a motion for attorney's fees or a motion to amend their counterclaim. An extension of time within which to file a notice of appeal is not necessary.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Set Aside "Order of Dismissal" [**Doc. No. 179**] and Defendants' Motion to Extend Time Limits for Notice of Appeal and for Filing a Motion for Attorney's Fees and for Filing a Motion to Amend Counterclaim [**Doc. No. 181**] are **DENIED**.