**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARMAND ANDREOZZI,

     Plaintiff - Appellant,

v.

CIVIGENICS; STEVE JAMES,
Administrator; MR. MUREN,
Assistant Administrator (FNU);
CASE MANAGER, (F & LNU);
CIVIGENICS, ADMINISTRATOR
(F & LNU); ASSISTANT
ADMINISTRATOR (F & LNU),

     Defendants - Appellees.

No. 02-1287
(D.C. No. 01-MK-1162 (PAC))
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Armand Andreozzi, an inmate proceeding pro se, appeals the district court's decision dismissing his *Bivens*[1] claims challenging his pretrial detention. Because the district court has not yet entered a final, appealable decision, however, we must dismiss this appeal for lack of appellate jurisdiction. *See* 28 U.S.C. § 1291.

The magistrate judge issued her report and recommendation May 2, 2002, giving the parties ten days to file any objections. *See* Fed. R. Civ. P. 72(b). Andreozzi then filed a motion to enlarge the time he had to file his objections. *See generally Houston v. Lack*, 487 U.S. 266, 268, 270, 276 (1988) (holding pro se inmate's notice of appeal deemed filed when he gives it to prison officials); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying *Houston* to inmate's filing objections to magistrate's report). Because it was not yet aware that Andreozzi had requested additional time to file his objections, however, the district court, on May 23, 2002, adopted the magistrate judge's report and recommendation, after noting that neither party had filed any objections. That same day, the district court received Andreozzi's motion to enlarge his time to

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

object. The district court then granted Andreozzi's motion, on June 14, 2002, giving him an additional twenty days from the date of that order to file his objections. Andreozzi, however, apparently then unaware that the district court had granted him additional time to object, *see, e.g.,* Appellant's Opening Br. at 5, filed his notice of appeal instead. This appeal followed. Even now, neither party appears to be aware that the district court granted Andreozzi additional time to object. *See id.* at 5 (arguing district court should have granted motion to enlarge time to object); Appellant's Reply Br. at 1-2 (same); Appellees' Answer Br. at 3-4 (arguing district court did not have to grant motion to enlarge time to object).

Because the district court has never taken any further action in this case, after granting Andreozzi additional time to file his objections, there is currently no final decision from which Andreozzi can appeal. *Cf. Trotter v. Regents of Univ. of N. M.*, 219 F.3d 1179, 1183 (10th Cir. 2000) (noting district court clearly did not consider final its order giving plaintiff ten days to amend her complaint). We, therefore, must DISMISS this appeal for lack of appellate jurisdiction and REMAND this cause to the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-