F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARMAND ANDREOZZI,

Plaintiff - Appellant,

v.

CIVIGENICS; STEVE JAMES,
Administrator; MR. MUREN,
Assistant Administrator (FNU); CASE
MANAGER (F&LNU); CIVIGENICS
ADMINISTRATOR, (F&LNU);
ASSISTANT ADMINISTRATOR
(F&LNU),

Defendants - Appellees.

No. 03-1373
(D.C. No. 01-MK-1162 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Plaintiff-Appellant Armand Andreozzi, an inmate proceeding pro se, seeks

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to appeal the district court's decisions dismissing his Bivens[1] claims challenging his pretrial detention, and denying his Fed. R. Civ. P. 60(b) motion. We previously remanded this case to the district court for want of a final order after the district court adopted the report and recommendation of the magistrate judge, but also extended the time for Mr. Andreozzi to object. Andreozzi v. Civigenics, No. 02-1287, 2003 WL 1232588, at *1 (10th Cir. Mar. 18, 2003); R. Doc. 45. Our mandate issued May 12, 2003. R. Doc. 71.

Thereafter on June 9, 2003, the district court adopted the report and recommendation of the magistrate judge after noting that Mr. Andreozzi still had not filed any objections to the magistrate's recommendation. R. Doc. 73 at 3. The district court then declined to reconsider its ruling noting that Mr. Andreozzi still had not filed objections or sought leave to file objections out of time. R. Doc. 81 at 2 n.1.

We hold that Mr. Andreozzi has waived his right to appellate review by failing to file objections to the magistrate's recommendation with the district court. See Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir. 1986). Mr. Andreozzi was apprised of the consequences of the failure to object, R. Doc. 36 at 13, see Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991), had

---

[1]     Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

filed a motion to extend the deadline prior to filing a premature notice of appeal, R. Doc. 43, and certainly had notice of the need to file objections by the date of this court's dismissal of his premature appeal. His explanation, that our mandate did not contain specific instructions, or that he could reasonably expect the district court to issue an unspecified order on remand before adopting the report and recommendation, is not reasonable in light of the history of this case. Although the failure to object may be excused in the interests of justice, we do not find the exception applicable here. See Thomas v. Arn, 474 U.S. 140, 155 (1985). For similar reasons, the district court did not abuse its discretion in denying the Rule 60(b)(1) motion on this point. See Yapp v. Excel Corp., 186 F.3d 1222, 1230-31 (10th Cir. 1999) (noting that Rule 60(b)(1) relief for mistakes involves "mistakes that a party could not have protected against"). Having so decided, it is unnecessary to consider Mr. Andreozzi's contention that the district court erred in denying his Rule 60(b)(6) motion seeking joinder (consolidation) of his case with another.

AFFIRMED. The motion to pay the appellate filing fee in partial payments is DENIED and immediate payment of the unpaid balance is now due.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge