MURPHY, Circuit Judge.
Kenneth E. Yapp appeals the judgment of the United States District Court for the District of Colorado, granting summary judgment to Excel Corporation (“Excel”) on the basis of claim preclusion. In the summer of 1996, Yapp filed suit against his former employer, Excel, for overtime compensation due under the Fair Labor Standards Act of 1938 (“FLSA”), 29 U.S.C. §§ 201-219. Two weeks later he filed suit against Excel alleging numerous claims for wrongful termination. After the first case was settled and an Order of Dismissal with Prejudice was entered, the district court granted Excel’s motion for summary judgment in the second case on the basis of claim preclusion. Yapp’s appeal is primarily a challenge to that summary judgment. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRMS.
I. BACKGROUND
Plaintiff Kenneth E. Yapp worked in Excel’s beef slaughter plant in Sterling, Colorado from 1987 until he was terminated in 1995. On June 7, 1996, Yapp sued Excel in the United States District Court for the District of Colorado for violations of the FLSA seeking unpaid overtime compensation [hereinafter “Overtime Action”]. Approximately two weeks later, Yapp sued Excel in a Colorado state court, alleging wrongful discharge premised on theories of violation of public policy, breach of employment contract, promissory estoppel, violation of implied covenant of good faith and fair dealing, negligent misrepresentation, and multiple torts [hereinafter ‘Wrongful Discharge Action”]. Excel removed the Wrongful Discharge Action to the same federal district court in which the Overtime Action was pending, and then filed a motion to consolidate the two cases, arguing that “[consolidation ... will eliminate much duplication of effort and will result in decreased costs and expenses to both parties.” Yapp responded in kind, arguing that consolidation would result in delay and increased costs for both parties. The district judge denied the motion, reasoning that “[p]laintiff has stated valid reasons for filing the two cases separately and separate trials will be conducive to expedition and economy.”
The parties negotiated a settlement in the Overtime Action, agreeing that Excel would pay Yapp $14,000 in return for a Stipulation for Dismissal with Prejudice, signed by both parties on September 9, 1997. The district court issued an Order of Dismissal with Prejudice in the Overtime Action on September 11, 1997. Approximately two weeks after the Overtime Action was dismissed with prejudice, Excel filed motions to supplement its answer, its pending motion for summary judgment, and the final pretrial order in the Wrongful Discharge Action to include the affirmative defense of claim preclusion *1226 premised on the dismissal of the Overtime Action.[1] Yapp resisted Excel’s effort to supplement on the grounds that the parties fully understood that settlement of the Overtime Action did not extend to the Wrongful Discharge Action. Yapp relied upon language in a proposed settlement agreement[2] and a September 9, 1997, letter from Yapp’s counsel to Excel’s counsel,[3] both of which Yapp asserts shielded the Wrongful Discharge Action from claim preclusion flowing from the dismissal in the Overtime Action. The district court granted Excel’s motion to supplement.
On October 20, 1997, Yapp filed a 60(b) motion, seeking to rescind the Stipulation for Dismissal with Prejudice and Order for Dismissal with Prejudice in the Overtime Action. Yapp argued that relief should be based upon fraud, misrepresentation, misconduct of the adverse party, breach of covenant of good faith and fair dealing, failure to achieve a meeting of the minds, mistake of law, and mutual mistake. On February 2, 1998, the district court denied Yapp’s 60(b) motion. A week later, the district court granted Excel’s Motion for Summary Judgement on the basis of claim preclusion.
On appeal, Yapp primarily targets the summary judgment. He also challenges the district court’s order allowing Excel to amend its answer in the Wrongful Discharge Action and the district court’s denial of Yapp’s 60(b) motion in the Overtime Action.
II. DISCUSSION
A. Motion for summary judgment
A grant or denial of summary judgment is reviewed using the same standard applied by the district court. See King v. Union Oil Co. of Cal., 117 F.3d 443, 444-45 (10th Cir.1997). Summary judgment is appropriate if “there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.” Fed. R. Civ. Pro. 56(c); see also King, 117 F.3d at 445. Issues of fact are reviewed in a light most favorable to the nonmoving party. See Craig v. Eberly, 164 F.3d 490, 493 (10th Cir.1998).
Federal law of claim preclusion applies. See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975 F.2d 683, 687 (10th Cir.1992) (citing, inter alia, Restatement (Second) of Judgments § 87, at 314 (1982) (“Federal law determines the effects under the rules of res judicata of a judgment of a federal court.”)). Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.[4] See King, 117 F.3d at 445. *1227 The parties agree that the first two elements are present. The issue here is whether the Wrongful Discharge Action is sufficiently similar to the Overtime Action to warrant the operation of claim preclusion. Yapp argues that his two suits are rooted in different transactions. Excel argues that all claims arising from an employment relationship constitute a single transaction or a series of sufficiently connected transactions for purposes of claim preclusion.
This court has adopted the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of the causes of action. See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335-36 (10th Cir.1988). The transactional approach provides that a claim arising out of the same “transaction, or series of connected transactions” as a previous suit, which concluded in a valid and final judgment, will be precluded. Restatement (Second) of Judgments § 24 (1982) [hereinafter “Restatement”]; see also Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir.1997) (“[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence”). What constitutes the same transaction or series of transactions is “to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.” Restatement § 24; see also King, 117 F.3d at 445.
The transactional test has been rearticu-lated by courts in a variety of ways, most of which focus upon whether the two suits are both based upon a discrete and unitary factual occurrence. For example, the First Circuit queries whether both suits depend upon “the same operative nucleus of fact.” Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir.1991). The Seventh Circuit assesses whether the two claims “are based on the same, or nearly the same, factual allegations.” Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir.1993). Some courts focus upon whether the two suits seek to redress the same injury. See, e.g., Kale, 924 F.2d at 1166 (noting as part of *1228 transactional test whether suits “sought redress for essentially the same basic wrong”).
In a case factually indistinguishable from the one here, this court concluded that the transactional test was met because “the ‘claims’ in each case were predicated on [plaintiffs] employment.” See Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir.1992). The plaintiff Clark first sued her former employer under the FLSA, seeking to recover unpaid overtime compensation. See id. at 1236. Three months after the issuance of a stipulated order dismissing the action with prejudice, the plaintiff again sued her former employer, this time for wrongful termination[5] under the Age Discrimination in Employment Act and for violations of the Equal Pay Act. See id. The case proceeded to trial on the ADEA issue only. See id. at 1237. On appeal, this court held that the district court erred in failing to hold that the plaintiffs second claim was precluded by the first since both were based upon a single transaction: the employment relationship. See id. at 1239.
The pertinent facts of Clark and the case here are identical: both plaintiffs first sued their former employers for unpaid overtime compensation under the FLSA, and then both plaintiffs subsequently sued their former employers for wrongful discharge. The court in Clark eliminated all ambiguity in the meaning of “transaction” in this factual context: it stated that “the ‘transaction’ was Clark’s employment.” Id. No other court applying the transactional test has held that suits arising from the same employment relationship are thereby necessarily grounded upon the same transaction.[6] This panel, however, cannot overrule Clark. See United States v. Foster, 104 F.3d 1228, 1229 (10th Cir.1997) (noting rule that one panel cannot overrule another). Consequently, we are not free to transactionally distinguish wrongful termination claims from those claims arising out of the employment but before and unrelated to the discharge.
B. Dissent
The dissent argues that the district court’s order denying Excel’s motion to consolidate rescues Yapp from claim preclusion otherwise dictated by Clark because he was somehow deprived of a full and fair opportunity to litigate the Wrongful Discharge Action.[7] The dissent is propped on two concepts: an immunization of the Wrongful Discharge Action from claim preclusion by the district court in its order denying Excel’s motion to consolidate, and Yapp’s reliance on that order to *1229 preserve the claim. Both props, however, are illusory.
Ironically, the very court order purportedly depriving Yapp of his opportunity to litigate was the work of his own advocacy in opposing the motion to consolidate. The district court’s order merely maintained the very procedural status Yapp himself sought, i.e., separate lawsuits. This offending court order was both interlocutory and discretionary, and thus subject to reconsideration. See Fed.R.Civ.P. 42; Fields v. Atchison, Topeka & Santa Fe Ry. Co., No. Civ. A. 95-4026, 1996 WL 109536, at *1 (D.Kan. Feb.7 1996) (citing Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir.1978)) (holding that grant or denial of motion to consolidate is discretionary). Nevertheless, although Yapp realized and even acknowledged to Excel[8] the risk of claim preclusion prior to settling the Overtime Action, he made no effort to have the district court revisit its interlocutory and discretionary order either to add language preserving his Wrongful Discharge Action or to unwind the maintenance of separate lawsuits. Instead, along with the risk of claim preclusion, Yapp took the $14,000 in settlement. It is thus difficult to label this particular court order as the culprit in denying Yapp a full and fair opportunity to be heard.
Although the dissent eschews reliance upon Restatement § 26(l)(b), providing an exception to the application of claim preclusion when the district court has “expressly reserved the plaintiffs right to maintain the second action” (emphasis added), the tenor of its argument and its reliance upon Louis Cook Plumbing & Heating, Inc. v. Frank Briscoe Co., 445 F.2d 1177 (10th Cir.1971), suggests otherwise. See Dissent at 1233-34. The dissent treats Louis Cook as standing for the proposition that a district judge may impliedly reserve a plaintiffs subsequent action. See Dissent at 1233-34. First, we note that Louis Cook is of questionable precedential value because it recited a test for claim preclusion inconsistent with the transactional test adopted by this court seventeen years later in Petromanagement. See Louis Cook, 445 F.2d at 1179. Second, the crux of Louis Cook’s holding is more consistent with an exception to claim preclusion articulated by the Restatement which provides relief to a plaintiff who was jurisdictionally barred in the first cause of action from asserting certain claims. See Restatement § 26(l)(c); see also Charles Alan Wright et. al., Federal Practice & Procedure § 4412 (2d ed.1994) (citing Louis Cook for the proposition that “[t]here may be some room to permit a second action if a court erroneously rules that an entire claim cannot be asserted in the first action”). Finally, even if Louis Cook could be taken as being consistent with the § 26(1)(b) exception, unlike the district court here,[9] the court there did expressly provide, albeit not in the written judgment, that the first action would not preclude a second. See Louis Cook, 445 F.2d at 1178.
Finally, Yapp’s reliance on the court order was non-existent and is instead simply a post hoc rationalization. The record shows that his conduct in settlement of his Overtime Action was consistent only with the absence of reliance: Yapp acknowledged the risk of claim preclusion despite the order and consequently he sought from Excel, unsuccessfully, an express exclusion of his Wrongful Discharge Action. At no point in his negotiations with Excel did Yapp invoke the court’s order denying consolidation. On appeal, Yapp makes only brief and oblique suggestions of reliance. Moreover, Yapp has never asserted to this court that the district court’s denial of Excel’s motion to consolidate constituted a reservation of his second action.
Unexpressed but underlying the dissent is a sense that Yapp is an innocent victim *1230 of claim preclusion and thus deserving of the court’s gentle hand of equity to save him from his own settlement. The dissent would rewrite the settlement agreement, the Stipulation, to reinsert the very language to which Excel objected. In light of Yapp’s acknowledgment and purposeful acceptance of the risk that claim preclusion would apply to his Wrongful Discharge Action, he is not entitled to reformation of the settlement by court order. With his eyes wide open, Yapp chose to forego a full and fair opportunity to litigate in order to satisfy his immediate appetite for $14,000. The lesson of this majority opinion is the only one consistent with Clark: Yapp was required to try or settle all of his employment claims, or negotiate with Excel for an express reservation of the Wrongful Discharge Action in the Overtime Action settlement agreement.
C. Motion to amend
This court reviews a trial court’s decision whether to allow amendment of pleadings for abuse of discretion. See Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir.1994). An abuse of discretion may be found only when the district court has made an “arbitrary, capricious, whimsical, or manifestly unreasonable judgment.” FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994) (quotation omitted). The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend when justice so requires. See Fed. R.Civ.P. 15(a).
Yapp’s argument that the district court abused its discretion by allowing Excel to amend its answer is twofold: (1) Excel acted in bad faith by failing to allege claim-splitting at any time earlier in the litigation; and (2) Excel waived its right to assert claim preclusion. Yapp’s bad-faith argument asserts that Excel never put Yapp on notice that it thought the two suits constituted claim-splitting. Instead, Yapp asserts, Excel engaged in a “carefully orchestrated campaign” to lull Yapp into thinking that the Motion to Dismiss the Overtime Action would have no effect on the Wrongful Discharge Action until after the ten-day deadline had passed for Yapp to file a Rule 59 motion in the Overtime Action.
The proposed but unadopted settlement agreement[10] and the letter sent by Yapp’s counsel to Excel on September 9, 1997,[11] do not constitute a waiver by Excel of its right to assert claim preclusion as a defense in the Wrongful Discharge Action. Yapp’s counsel had a duty to be vigilant to the strategic nuances of litigation, which includes the ubiquitous multiple-litigation pitfall of claim preclusion.
Yapp’s remaining waiver arguments were never made to the district court. In his Response to Defendant’s Motion to Supplement Answer and Final Pretrial Order to Assert Additional Affirmative Defense, Yapp argued only that Excel’s dealings with him in settling the Overtime Action evinced bad-faith conduct. He never mentioned or suggested Excel’s failure to raise claim-splitting earlier in the litigation. Similarly, during a pretrial hearing on October 9, 1997, Yapp only asserted the alleged bad-faith behavior and never once suggested failure by Excel to raise claim-splitting earlier in this litigation.
This court does not address issues that were not properly raised before the district court. See Rademacher v. Colorado Ass’n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1571 (10th Cir.1993). Accordingly, in the war of the waivers, Yapp loses. This court can find no abuse of discretion by the district court in allowing Excel to amend its pleadings to include the affirmative defense of claim-splitting.
D. Rule 60(b) motion
A district court’s decision to grant or deny a Rule 60(b) motion is reviewed for an abuse of discretion. See *1231 Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir.1996). Relief under Rule 60(b), however, is “extraordinary and may only be granted in exceptional circumstances.” See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir.1996) (quotation omitted).
Yapp’s 60(b) motion pleaded for relief from the September 11, 1997, Order of Dismissal with Prejudice in the Overtime Action. Yapp asserted that he was due relief under Rules 60(b)(1), (3), and (6), which provide relief to a party from final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or other misconduct of an adverse party; and (6) any other reason justifying relief from the operation of the judgment. In denying Yapp’s 60(b) motion, the district court stated:
Plaintiff chose to bring these actions separately. A Motion to Consolidate was denied, at Plaintiffs request.... The Stipulation filed with the Court did not mention [the Wrongful Discharge Action], Whatever effect that Stipulation may have on the related case, it is clear that the parties reached an agreement to dismiss [the Overtime Action] with prejudice.
Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. See Cashner, 98 F.3d at 576 (citing 7 James Wm. Moore et. al., Moore’s Federal Practice ¶ 60.22[2] (2d ed.1985)). Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party. See id. at 577. Rather, the kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority. See id. Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes. See id.; see also Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990) (“Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).”).
Yapp’s careless or even simple mistaken reliance upon the language in the proposed but unsigned settlement agreement and his September 9, 1997, letter does not constitute the type of mistake deemed by this court as excusable. That he twice attempted to have Excel agree to certain preservation-of-claim language merely shows that Yapp’s decision to move forward with the Motion to Stipulate as worded was counseled, if unwise. See also Nemaizer v. Baker, 793 F.2d 58, 61-64 (2d Cir.1986) (deqlining to grant Rule 60(b)(1) or (6) relief to party who later regretted preclusive effect of signed stipulation to dismiss with prejudice).
Yapp fares no better under Rule 60(b)(3). He must prove Excel’s alleged misconduct by clear and convincing evidence. See Anderson v. Department of Health & Human Servs., 907 F.2d 936, 952 (10th Cir.1990). This he can do only by showing that Excel acted with “an intent to deceive or defraud the court,” by means of a “deliberately planned and carefully executed scheme.” Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir.1995) (quotation omitted). All that Yapp has alleged on appeal is that he may have attempted to safeguard the Wrongful Discharge Action from claim preclusion by including claim-preserving language in a proposed but unsigned settlement agreement and in a letter to Excel’s counsel which went unanswered. Yapp has proved that Excel played hardball litigation. He has not, however, shown that the district court made a clear and definite error in concluding that Excel’s behavior did not rise to the level of Rule 60(b)(3) misconduct.
*1232 Finally, Rule 60(b)(6) relief is even more difficult to attain and is appropriate only “when it offends justice to deny such relief.” Cashner, 98 F.3d at 580 (quotation omitted). The denial of a 60(b)(6) motion will be reversed “only if we find a complete absence of a reasonable basis and are certain that the ... decision is wrong.” State Bank of S. Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1080 (10th Cir.1996) (quotation omitted). As with the other 60(b) subsections, Yapp has failed to show that the distinct judge made a definite, clear, or unmistakable error in denying the Rule 60(b) motion. See Pelican, 893 F.2d at 1147. Accordingly, we conclude that the district court did not abuse its discretion and its denial of the Rule 60(b) motion is affirmed.
III. CONCLUSION
For the foregoing reasons, the judgment of the United States District Court for the District of Colorado granting summary judgment to Excel is AFFIRMED.

. Although the parties use the term “res judi-cata," for purposes of clarity, this court employs tire term "claim preclusion” instead. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 76 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (discussing why "claim preclusion” and "issue preclusion” are preferred over terms “res judicata " and "collateral estoppel”).

. Paragraph D of the proposed settlement agreement stated: "Except as specifically stated herein, this Waiver and Release Agreement is not intended to release, settle, or discharge Excel from any claims, demands, causes of action, or other rights asserted in [the Wrongful Discharge Action], now pending in the United States District Court for the District of Colorado.” Because Excel apparently objected to the inclusion of this language, a proposed settlement agreement was never signed. Instead, the parties accomplished the settlement by means of the Stipulation for Dismissal with Prejudice.

. In a letter dated September 8, 1997, Excel reiterated that the "fundamental terms of the settlement agreed upon were a payment of $14,000 in exchange for the dismissal of the case with prejudice.” Yapp’s counsel responded the next day with a letter which stated in part: "It is our understanding that the dismissal of [the Overtime Action] will only determine the claims set forth in [the Overtime Action].” The letter also stated, "If you have any objections to the contents of this letter, please notify me of the same no later then September 16, 1997.” Excel never responded to the letter.

. Generally, Supreme Court precedent, Tenth Circuit precedent, and the majority of circuit courts note only three requirements in the initial determination of whether claim preclu *1227 sion may apply. See Rivet v. Regions Bank of La., 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) ("Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' ") (quoting Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); King v. Union Oil Co. of Cal., 117 F.3d 443, 445 (10th Cir.1997); Driver Music Co. v. Commercial Union Ins. Cos., 94 F.3d 1428, 1435 (10th Cir.1996); Massachusetts Sch. of Law at Andover, Inc. v. ABA, 142 F.3d 26, 37 (1st Cir.1998); Board of Trustees of Trucking Employees v. Centra, 983 F.2d 495, 504 (3rd Cir.1992); Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir.1997); Roboserve, Inc. v. Kato Kagaku Co., 121 F.3d 1027, 1034 (7th Cir.1997); Cabrera v. City of Huntington Park, 159 F.3d 374, 381 (9th Cir.1998); Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir.1998); Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 78 (D.C.Cir.1997). Other courts articulate four elements, but include as the fourth element a requirement that the prior court was of competent jurisdiction. See Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir.1998); Corbett v. MacDonald Moving Servs. Inc., 124 F.3d 82, 88 (2d Cir.1997); Bradley v. Armstrong Rubber Co., 130 F.3d 168, 179 (5th Cir.1997).
Occasionally, however, reference is made to a "full and fair opportunity to litigate” as a requirement for claim preclusion. See, e.g., Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir.1997). The three requirements referenced in the text, however, are in most circumstances all that are necessary for a principled application of the doctrine of claim preclusion. Consequently, the absence of a full and fair opportunity to litigate should be treated as an exception to the application of claim preclusion when the three referenced requirements are otherwise present. Cf. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 n. 22, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (characterizing, in dicta, a full and fair opportunity to litigate as a "limitation” on the application of claim preclusion).

. The decision does not expressly state that the ADEA claim was premised on wrongful termination. See Clark v. Haas Group, Inc., 953 F.2d 1235, 1237 (10th Cir.1992). Because the complainant sought and the jury awarded front pay, however, the ADEA claim was necessarily based upon wrongful termination. See Spulak v. K Mart Corp., 894 F.2d 1150, 1157-58 (10th Cir.1990) (stating that front pay is awarded when reinstatement is not appropriate; both are remedies for wrongful discharge).

. Some courts have addressed cases in which multiple suits arose from the same employment relationship and have concluded that the second suit was not precluded by the first because it was grounded upon a different transaction. See, e.g., Doe v. Allied-Signal, Inc., 985 F.2d 908, 914-15 (7th Cir.1993) (holding suits premised upon different transactions when first suit against employer arose from rape of employee on work premises and second suit arose from employer’s misrepresentations about plaintiff's status as an employee); Kent County Bd. of Educ. v. Bilbrough, 309 Md. 487, 525 A.2d 232, 239-40 (1987) (expressly rejecting classification of employer-employee relationship as same transaction for claim preclusion purposes). Additionally, courts have precluded second suits brought by former employees because both suits were predicated upon the same discrete event, such as the employee’s wrongful discharge, rather than the entirety of the employment relationship. See, e.g., Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (holding that claim preclusion applied because both suits stemmed from plaintiff's termination); Langston v. Insurance Co. of N. Am., 827 F.2d 1044, 1047 (5th Cir.1987) (same); Nwosun, 124 F.3d at 1257 (same); King, 117 F.3d at 445 (same).

.See supra note 4.

. See supra, notes 2 & 3.

. Neither party had raised the issue of claim preclusion prior to or during the motion to consolidate and the court's order denying consolidation because doing so would be "conducive to expedition and economy” reflects that claim preclusion was not an issue at this point in the litigation.

. See supra, note 2.

. See supra, note 3.