**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID PFLUM,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 00-3242
(D.C. No. 99-CV-4093-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR, BALDOCK,**   and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff David Pflum, proceeding pro se, appeals from an order of the district court denying his motion, filed pursuant to Fed. R. Civ. P. 60(b), to vacate its judgment in this case. We affirm.

Mr. Pflum filed a petition in federal district court seeking to quash summonses issued by the Internal Revenue Service to three financial institutions seeking information in their possession concerning the years 1994 to 1998. He asserted that he had not been served with proper notice of the summonses. The district court denied the petition. Almost two months later, Mr. Pflum filed a Rule 60(b) motion seeking vacation of the district court's order on the ground that the government already possessed some of the records it sought in the summonses and had received and examined some of the summoned documents before the court issued its order denying his petition. The district court denied relief holding that even if the government had possessed some of the records, Mr. Pflum could not prevail as he had not shown a lack of good faith in the government's actions. See Rule 60(b)(3) .

On appeal, Mr. Pflum contends that he does not have to show a lack of good faith, only that the government already possessed some of the records it sought in the summonses. We review the district court's ruling on a Rule 60(b) motion for abuse of discretion. Servants of the Paraclete v. Does, I-XVI , 204 F.3d 1005, 1009 (10th Cir. 2000). "Relief under Rule 60(b) . . . is extraordinary and may

only be granted in exceptional circumstances." Yapp v Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) (quotation omitted). Under Rule 60(b)(3), Mr. Pflum must prove the government's alleged misconduct by clear and convincing evidence, showing that the government "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." Id. (quotations omitted). Mr. Pflum has alleged only that the government had some of the documents sought in the summonses. He has offered no evidence beyond his conclusory statement that the investigating officer actually examined the one packet of documents rather than resealing them and handing them over for safekeeping as he attested. Mr. Pflum "has not . . . shown that the district court made a clear and definite error in concluding that [the government]'s behavior did not rise to the level of Rule 60(b)(3) misconduct." Id.

Finding no abuse of discretion, the judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated by the court in its order of July 6, 2000.

Entered for the Court


Bobby R. Baldock
Circuit Judge


-3-