**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 26, 2007**

**TENTH CIRCUIT**

THOMAS J. LOWERY,

      Plaintiff - Appellant,

v.

STATE OF UTAH; UTAH THIRD
DISTRICT COURT; LEON A.
DEVER, in his official capacity as a
Utah Third District Court Judge,

      Defendants - Appellees.

No. 06-4296
(D.C. No. 2:05-CV-884-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

---

      Plaintiff-Appellant Thomas J. Lowery appeals the district court's dismissal

of his state and federal claims against Utah District Judge Leon A. Dever, the

Third District Court of Utah, and the State of Utah (collectively "Defendants").

This, however, is not the first time Mr. Lowery has appeared in federal court to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

assert state and federal claims against Defendants.

In 2004, Mr. Lowery filed claims in federal court against Defendants for violation of Title II of the Americans with Disabilities Act (ADA), violation of his due process and equal protection rights under the Utah and U.S. Constitutions, and intentional infliction of emotional distress. Mr. Lowery's claims stemmed from a state court lawsuit in which Mr. Lowery appeared pro se before Judge Dever. Mr. Lowery claimed that his rights were violated when Judge Dever twice dismissed his claims prior to holding oral argument; Judge Dever eventually vacated the dismissals and set oral argument, but Mr. Lowery claimed the prior dismissals triggered a psychotic reaction making it impossible for him to present coherent argument. Mr. Lowery also claimed that the Third District Court and the State of Utah were liable for Judge Dever's actions under the doctrine of respondeat superior. On November 29, 2004, Mr. Lowery's claims were dismissed on grounds of judicial immunity; Mr. Lowery did not appeal.

In the instant action, Mr. Lowery asserts claims against Defendants for violation of Title II of the ADA, 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, the 14th Amendment to the U.S. Constitution and article I, section 7 of the Utah Constitution, and the Rehabilitation Act of 1973. He also claims intentional and negligent infliction of emotional distress. Mr. Lowery's claims again arise out of Judge Dever's dismissal of his claims prior to oral argument. Consequently, the district court below accepted the magistrate

judge's recommendation that the current claims be dismissed on claim preclusion grounds. See Lowery v. State, No. 2:05CV884 TC, 2006 WL 2868398, at *1, *3 (D. Utah Oct. 4, 2006). We agree that Mr. Lowery's claims are barred.

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Claim preclusion requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." Hatch v. Boulder Town Council, 471 F.3d 1142, 1149 (10th Cir. 2006). Also, "the absence of a full and fair opportunity to litigate [is] . . . an exception to . . . claim preclusion when the three . . . requirements are otherwise present." Yapp v. Excel Corp., 186 F.3d 1222, 1227 n.4 (10th Cir. 1999).

Here, the prior federal court dismissal is undoubtedly a final judgment on the merits and the parties in this and the prior federal lawsuit are identical. Moreover, the third requirement is met because each claim in the current action is either identical to one brought in the former action or, if not, the claim arises out of the same common nucleus of operative facts and therefore could have been brought as part of that action. The record also reveals that Mr. Lowery received a "full and fair opportunity to litigate" his prior claims. Finally, the Supreme Court's decision in Tennessee v. Lane, 541 U.S. 509 (2004), has nothing to do with, and no effect upon, the doctrine of claim preclusion.

AFFIRMED.

Entered for the Court

Per Curiam