**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 5, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PATRICIA WILLIAMS,

    Defendant - Appellant.

No. 07-6042
(D.C. Nos. CR-88-081-F and
01-CV-1012-A)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Patricia Williams, a federal inmate appearing pro se, seeks to appeal from the district court's order denying her "Motion for Relief from Judgment Pursuant to Rule 60(b)(4)(6), Fed. R. Civ. P.," and its subsequent denial of her motion for reconsideration. In the motion, Ms. Williams challenged the district court's October 2001 disposition of her successful § 2255 motion to modify and amend her sentence. She argued that: (1) she was not notified of her right to assistance of counsel, (2) she was not allowed to reply to the government's response, (3) she was not allowed to be present when the sentence was modified, (4) she was not notified of her right to appeal the sentence, and (5) the government committed fraud on the court by failing to identify pre-Guidelines

conduct contained in two counts.  Notably, Ms. Williams did not appeal from the district court's order and resulting judgment on her § 2255 motion.  The district court construed Ms. Williams's current motion as a true Rule 60(b) motion, see Gonzalez v. Crosby, 545 U.S. 524 (2005), but it denied the motion as untimely, given that Ms. Williams filed it in October 2006, some five years after the district court entered its order on her § 2255 motion.  In the alternative, the district court determined that the Rule 60(b) motion was meritless.  A district court's decision to grant or deny a Rule 60(b) motion is reviewed for abuse of discretion.  See Yapp v. Excel Corp., 186 F.3d 1222, 1230 (10th Cir. 1999).

To secure a COA, Ms. Williams must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   This standard requires that she demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).  Given that the substantive standard of review is abuse of discretion, we do not think it reasonably debatable that the district court erred by concluding that Ms. Williams's motion was untimely after considering her failure to appeal the initial § 2255 judgment, her five year delay in filing the instant motion, and the Supreme Court's issuance of Gonzalez in 2005.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge