FILED
United States Court of Appeals
Tenth Circuit

January 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WALTER HERNANDEZ, SR.,

　　　　Plaintiff-Appellant,

v.

E. J. GALLEGOS, Former Warden,
USP-Leavenworth, KENDALL
HUGHES, Chaplin Director, Life
Connection Program,

　　　　Defendants-Appellees.

No. 09-3180

(D. of Kan.)

(D.C. No. 07-CV-3004-SAC)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Walter Hernandez, Sr., a federal prisoner appearing pro se and in forma

pauperis,[1] appeals the district court's refusal to grant relief for reconsideration of

his civil rights claims pursuant to Federal Rule of Civil Procedure 60(b). The

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Hernandez is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

district court found that the new evidence Hernandez's Rule 60(b) motion sets forth is not material to his claim.

We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM the ruling of the district court.

## I. Background

Hernandez filed a complaint under 42 U.S.C. § 1983 against the chaplain and warden of the United States Penitentiary in Leavenworth, Kansas. Hernandez, alleging that exposure to second-hand smoke at USP-Leavenworth in 2003 and 2004 caused him injury, claimed the chaplain and the warden violated federal law by allowing smoking at the Penitentiary. Hernandez also claimed the chaplain violated federal law by assigning him to cells with smoking inmates in retaliation for raising security concerns.

The district court dismissed Hernandez's complaint in an order and separate judgment on July 30, 2008. The district court found Hernandez failed to set forth allegations establishing that the chaplain and the warden personally participated in causing him to be exposed to an environmental hazard that was contrary to contemporary standards or that posed an unreasonable risk of harm to his health in the near future. The district court also concluded Hernandez's retaliation claim was time barred.

Hernandez filed the Rule 60 motion giving rise to this appeal on May 1, 2009. In that motion, entitled "Motion Based on Newly Discovered Evidence,

Rule 60(b)," Hernandez identifies as newly discovered evidence possible motivations for the chaplain's alleged role in his claim. He states that the chaplain was transferred to USP-Leavenworth after an inmate assaulted him and his sister at another facility, making him "paranoid" of inmates.

The district court refused to grant Hernandez relief from its judgment based on his Rule 60(b) motion. In an order dated May 20, 2009, the district court denied the motion, finding that the newly discovered evidence was not material to Hernandez's claims. The district court noted the evidence cited concerned only the chaplain's past experiences at unspecified times with inmates other than Hernandez and was not sufficiently related to Hernandez's second-hand smoke claims.

## II. Discussion

Preliminarily, we must take up the issue of whether Hernandez's notice of appeal had been timely filed pursuant to Federal Rule of Appellate Procedure 4.[2] Hernandez contends that his appeal relates to the district court's May 20, 2009 order on the Rule 60 motion, not the original order dismissing his appeal. Based on that clarification, we find that Hernandez's notice of appeal satisfies Rule 4.

Turning to the merits, we conclude the district court did not err in denying Hernandez's motion. We review the denial of a Rule 60(b) motion for abuse of

---

[2] "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B).

discretion.  *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."  *Id.* (internal quotation marks omitted).  A Rule 60(b) motion is not a substitute for an appeal—"our review is meaningfully narrower than review of the merits of a direct appeal."  *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).  Given the lower court's discretion, the district court's ruling is only reviewed to determine if a "definite, clear, or unmistakable error occurred below."  *Id.* (internal quotation marks omitted).  We may reverse only if we find "a complete absence of a reasonable basis and [are] certain that the decision is wrong."  *Zurich*, 426 F.3d at 1289.

Hernandez requests relief based on newly discovered evidence pursuant to Rule 60(b)(2).  Rule 60(b)(2) provides that, "on motion and just terms, the court may relieve a party . . . from a[n] order . . . for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  In order to provide the basis for relief, the newly discovered evidence must, among other things, be material.  *Zurich*, 426 F.3d at 1289.

First, we note that the evidence Hernandez cites in his motion relates only to the chaplain.  The newly discovered evidence does not in any way concern the warden.  The dismissal of the warden's claims thus are not implicated by the motion.

Second, we cannot find that the district court committed a "definite, clear, and unmistakable" error in holding that the cited evidence is not material. It is not apparent, and Hernandez does not explain, why the chaplain's past experiences with other inmates caused him to allow inmates to smoke or retaliate against Hernandez. Nor is it clear how the evidence identified buttresses the other aspects of Hernandez's claims. Moreover, any inferences that could be drawn from such evidence would not save the retaliation claim as time barred. Accordingly, for much of the same reasons as the district court, we conclude that the court did not abuse its discretion in denying Hernandez's Rule 60(b) motion.[3]

## III. Conclusion

For the foregoing reasons, we AFFIRM the ruling of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[3] Rule 60(b)(6) allows a court to relieve a party from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To the extent Hernandez's motion can be interpreted as seeking relief under Rule 60(b)(6), rather than Rule 60(b)(2), we reach the same conclusion for the same reasons. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) ("Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." (internal punctuation and citation omitted)).