**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAMONT L. WARREN,

      Plaintiff - Appellant,

v.

NURSE, VICTORIA VIGIL;
COMPUTER SPECIALIST, MS. LYDE,

      Defendants - Appellees.

No. 12-1221
(D.C. No. 1:11-CV-00408-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Lamont L. Warren, a federal prisoner appearing pro se,[1] appeals from the district

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Warren is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

court's order denying his motion to reconsider the dismissal of his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

On February 18, 2011, Mr. Warren filed a pro se prisoner complaint based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He alleged that federal prison employees filed false incident reports against him.

The magistrate judge instructed Mr. Warren to cure deficiencies in his complaint within 30 days. Specifically, the magistrate judge ordered Mr. Warren to (1) submit a certified copy of his prisoner trust fund statement so that he could proceed without prepayment of fees, and (2) to amend the complaint by naming the defendants in both the caption and "Parties" section of the complaint form and by listing the defendants' addresses. Mr. Warren failed to cure these deficiencies, and the district court dismissed his complaint without prejudice on April 12, 2011.

A year later, Mr. Warren wrote a letter to the district court. The court construed the letter as a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reconsider the order of dismissal. The district court denied the motion. Mr. Warren appeals from this ruling.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011). The party seeking relief must show that the district court made a "definite, clear, or unmistakable error in denying the Rule 60(b) motion." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6). In applying this standard, courts must "keep[] in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *ClearOne*, 643 F.3d at 745 (quotations omitted). A litigant's carelessness does not justify relief. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Here, Mr. Warren has not shown that the district court abused its discretion in denying his Rule 60(b) motion. On appeal, Mr. Warren has not argued that his failure to cure the complaint's deficiencies was the result of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[2] Instead, he argues the merits of his *Bivens* claim—primarily that video footage will reveal that the incident reports against him were false. His arguments are insufficient to justify Rule 60(b) relief.

The magistrate judge identified the deficiencies in Mr. Warren's complaint and explained to him the consequences of failing to cure those deficiencies. As the district court noted in its order denying the motion to reconsider, rectifying the deficiencies was

_____

[2] Mr. Warren asserted in the district court that his failure to amend the complaint was due to his lack of legal expertise. He does not make this argument on appeal. Even liberally construing his appellate brief, we cannot discern a challenge to the district court's procedural ruling.

not complicated or difficult and required no special skill or legal expertise.[3]  Mr. Warren had the opportunity to comply with the magistrate judge's order, and he has not explained to this court what Rule 60(b) ground justifies his failure to comply.  Moreover, in dismissing his complaint without prejudice, the district court gave Mr. Warren the opportunity to properly refile his complaint.  Accordingly, Mr. Warren has not presented extraordinary or exceptional circumstances warranting Rule 60(b) relief.

The district court did not abuse its discretion by denying Mr. Warren's Rule 60(b) motion.  The judgment is affirmed.  Mr. Warren's pending motion to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Warren filed a similar complaint in a separate matter and was ordered to cure deficiencies in that complaint.  In that case, Mr. Warren was able to amend the complaint.

-4-