UNITED STATES COURT OF APPEALS

**January 27, 2017**

TENT CIRCUIT

BRANDON JOHNSON,

     Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
TRANSPORTATION; KEVIN LOWE,
Video Branch Manager; BART
VLEUGELS, Video Branch
Supervisor,

     Defendants - Appellees.

No. 16-6286
(D.C. No. 5:14-CV-00945-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

     Plaintiff-Appellant Brandon Johnson, appearing pro se, appeals from the

district court's denial of his motion for relief from judgment under Rule 60(b),

Fed. R. Civ. P. See Johnson v. Okla. Dep't of Transp., No. CIV-14-0945-F, 2016

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

WL 7665653 (W.D. Okla. Sept. 2, 2016).  Having carefully reviewed Mr.

Johnson's arguments, we affirm for substantially the same reasons relied upon by

the district court.

The parties are familiar with the underlying facts.  It is enough to say that

Mr. Johnson initially brought an action against his former employer, the

Oklahoma Department of Transportation ("ODOT"), for alleged discrimination

and retaliation based on his race.  The district court granted summary judgment

for the ODOT, and we affirmed.  Johnson v. Okla. Dep't of Transp., 645 F. App'x

765 (10th Cir. 2016).

Mr. Johnson argues that the judgment should be set aside, and advances

arguments under Rule 60(b)(2), (3), (5) and (6).  Rule 60(b)(2), however, is not

available because Mr. Johnson has not produced any new evidence that was not

available to him or his attorney before the original final judgment.  Rule 60(b)(3)

is not available because Mr. Johnson has not shown clear and convincing

evidence of fraud, misrepresentation, or misconduct by the opposing party.  See

Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005).  Rule

60(b)(5) affords relief if "the judgment has been satisfied, released, or discharged;

it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable."  None of these criteria are met here, and

Mr. Johnson's reasoning that the opposing party's alleged fraudulent behavior

makes it inequitable to enforce the judgment fails for the same reason as his Rule

60(b)(3) argument.

Finally, Mr. Johnson's Rule 60(b)(6) argument is unavailing because he has not shown that it would "offend[] justice to deny such relief." Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (citation omitted). He contends that his former attorney should have done more and taken his every suggestion, which we, like the district court, find unpersuasive and not a basis for relief.

As the district court noted, Mr. Johnson received a full and fair hearing of his claims, and Rule 60(b) is not a way to re-litigate the underlying case. Johnson, 2016 WL 7665653, at *3. Instead, it is an "extraordinary" remedy that "may only be granted in exceptional circumstances." Zurich N. Am., 426 F.3d at 1289 (citation omitted). The district court did not abuse its discretion in denying relief. See Yapp, 186 F.3d at 1232.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge