**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAT SULLIVAN; JAMES WORSHAM;
STARR DAVIS,

     Plaintiffs - Appellants,

v.

DAVITA HEALTHCARE PARTNERS,
INC.; TOTAL RENAL CARE, INC.,

     Defendants - Appellees.

_____

No. 18-1399
(D.C. No. 1:18-CV-01589-MSK-NYW)
(D. Colo.)

FERNANDO FUSTERO; IDA
DANDRIDGE,

     Plaintiffs - Appellants,

v.

DAVITA HEALTHCARE PARTNERS,
INC.; TOTAL RENAL CARE, INC.,

     Defendants - Appellees.

_____

No. 18-1400
(D.C. No. 1:18-CV-01593-MSK-NYW)
(D. Colo.)

LACEY WILSON,

     Plaintiff - Appellant,

v.

DAVITA HEALTHCARE PARTNERS,
INC.; TOTAL RENAL CARE, INC.,

     Defendants - Appellees.

No. 18-1401
(D.C. No. 1:18-CV-01591-MSK-NYW)
(D. Colo.)

DONNA WEATHERBY; LIAN TANG;
KAREN JUDD,

      Plaintiffs - Appellants,

v.

DAVITA HEALTHCARE PARTNERS,
INC.; TOTAL RENAL CARE, INC.,

      Defendants - Appellees.

No. 18-1403
(D.C. No. 1:18-CV-01594-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

In 2017, multiple groups of plaintiffs filed suit against DaVita Healthcare

Partners, Inc. and Total Renal Care, Inc. (collectively, DaVita) for violations of the

Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. The district court

dismissed the cases for failure to state a claim. In 2018, some of the plaintiffs from

the 2017 cases filed new FLSA suits against DaVita. In these consolidated appeals,

those plaintiffs appeal the district court's dismissal of their 2018 cases as barred by

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

the doctrine of res judicata. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

In November 2017, numerous DaVita employees, all represented by the same counsel, filed a total of seven lawsuits against DaVita alleging that DaVita failed to pay overtime in violation of the FLSA, 29 U.S.C. § 207(a).[1] Two of the suits were filed by single plaintiffs;[2] the other five each involved multiple plaintiffs.[3] DaVita moved to dismiss all seven complaints under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The plaintiffs amended their complaints within 21 days of service, rendering the motions to dismiss moot. DaVita then moved to dismiss the amended complaints, again for failure to state a claim. The plaintiffs responded to the motions but did not seek leave to amend their complaints a second time.

---

[1] Section 207(a)(1) provides, in relevant part, "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[2] The single-plaintiff cases were *Harris v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02741-MSK and *Cope v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02744-MSK.

[3] The multi-plaintiff cases were *Turner, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02742-MSK (*Turner*); *Sullivan, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02745-MSK-NYW (*Sullivan*); *Wilson, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02747-MSK (*Wilson*); *Clark, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02748-MSK-NYW (*Clark*); and *Coleman, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 17-CV-02749-MSK-NYW (*Coleman*).

On June 22, 2018, without waiting for DaVita to reply, the district court granted DaVita's motions as to the five cases involving multiple plaintiffs.[4] The court concluded that the generalized allegations in the multi-plaintiff cases were insufficient to state a claim because they did not allege facts showing that any plaintiff individually worked more than forty hours in a workweek for which required overtime was not paid. The court expressly declined to sua sponte grant leave to amend, noting that the plaintiffs had not requested leave to amend their complaints a second time and observing,

> DaVita previously moved on Rule 12(b)(6) grounds to dismiss the original Complaints in each of these cases, raising essentially the same arguments herein, and the Plaintiffs responded to those motions with the instant Amended Complaints. The Court thus assumes that the instant pleadings reflect the Plaintiffs' best efforts to plead their FLSA clams.

Aplt. App. Vol. 2 at 504 n.3. The plaintiffs did not file a motion to reconsider with the district court, or a direct appeal with this court. Three days later, on June 25, 2018, the plaintiffs refiled their complaints against DaVita asserting FLSA violations supported by more specific factual allegations.[5]

---

[4] The district court issued a single order in all seven cases. The court denied the motion to dismiss as to the single-plaintiff cases. The disposition of the single-plaintiff cases is not at issue in these appeals.

[5] The 2018 cases were *Sullivan, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 18-CV-01589-MSK-NYW (*Sullivan*); *Wilson v. DaVita Healthcare Partners, Inc., et al.*, No. 18-CV-01591-MSK-NYW (*Wilson*); *Fustero, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 18-CV-1593-MSK-NYW (*Fustero*); and *Weatherby, et al. v. DaVita Healthcare Partners, Inc., et al.*, No. 18-CV-1594-MSK-NYW (*Weatherby*). *Turner* was not refiled. The named plaintiffs in *Clark* and *Coleman* changed, and they became *Fustero* and *Weatherby*, respectively.

4

DaVita moved to dismiss the 2018 cases arguing that the plaintiffs' FLSA claims were barred by the doctrine of res judicata. The district court agreed and dismissed all four cases. The plaintiffs timely appealed.

**Discussion**

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). Whether claim preclusion applies is a question of law which we review de novo. *Id.* To determine the preclusive effect of a prior judgment of a federal court, we look to federal law. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). In this circuit, claim preclusion requires that three elements exist: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC*, 427 F.3d at 831. "If these requirements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id.* (quoting *Yapp*, 186 F.3d at 1226 n.4).

On appeal, the plaintiffs do not contest the district court's determination that the three elements of claim preclusion are met, and thus they have waived any challenge to that portion of the district court's decision. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Instead, the plaintiffs focus on the requirement that the party

5

resisting preclusion must have had a full and fair opportunity to litigate the claim in the prior suit.

First, they argue this requirement is a fourth element of claim preclusion, which DaVita, as the party asserting the affirmative defense, had the burden to plead and prove. Because DaVita did not argue this element in its motion to dismiss, the plaintiffs contend it did not meet its burden. We have previously acknowledged that "[i]n a number of our cases, we have characterized the full and fair opportunity to litigate as a fourth requirement of res judicata." *MACTEC*, 427 F.3d at 831 n.6 (internal quotation marks omitted). But then we explained that "the absence of a full and fair opportunity to litigate is more appropriately treated as an exception to the application of claim preclusion when the three referenced requirements are [otherwise] met." *Id.* (citing *Yapp*, 186 F.3d at 1226 n.4). We recently reiterated our view that the absence of a full and fair opportunity to litigate is an exception to the application of claim preclusion. *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (citing *MACTEC*, 427 F.3d at 831 & n.6). Accordingly, we reject the plaintiffs' contention that DaVita failed to meet its burden.

Second, the plaintiffs argue the district court erred in sua sponte deciding on the pleadings and without adequate briefing that they had a full and fair opportunity to litigate their claims because such an opportunity was not evident from the face of their 2018 complaints or the procedural history of the 2017 cases. This argument is belied by the record. The district court did not act sua sponte; it ruled on DaVita's

6

motion asserting claim preclusion as a defense. As explained above, DaVita was not required to affirmatively establish in its motion that the plaintiffs had a full and fair opportunity to litigate, and the plaintiffs were free to argue that they did not have such an opportunity in response to the motion to dismiss. Indeed, the district court considered whether the plaintiffs had a full and fair opportunity to litigate their FLSA claims because the plaintiffs argued that such an opportunity is a requirement of claim preclusion and the 2017 cases were not fully and fairly litigated. As the plaintiffs acknowledge, the district court could take judicial notice of its own decisions and records from the 2017 cases. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004). Contrary to the plaintiffs' last argument, the decisions and records from the 2017 cases reveal that the plaintiffs did have a full and fair opportunity to litigate their claims.

"The requirement that the party against whom the prior judgment is asserted had a full and fair opportunity to be heard centers on the fundamental fairness of preventing [that] party from relitigating an issue he has lost in a prior proceeding." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990). The primary concern is that the prior judgment was procured in a manner that satisfies due process. *Lenox*, 847 F.3d at 1243. "Often, the inquiry will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Sil-Flo*, 917 F.2d at 1521. Disagreement

7

with the decision in the prior proceeding does not mean a party was denied a full and fair opportunity to litigate. *Id.*

The plaintiffs contend that, in determining they had failed to state a claim, the district court fabricated facts, failed to accept all well-pleaded allegations in their complaints as true, failed to view those allegations in the light most favorable to the plaintiffs, and conducted an incomplete analysis using select facts from only one of the five cases. But these arguments all go to the merits of the district court's decision, which the plaintiffs did not appeal. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("[A]n erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of *res judicata*. A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." (alterations and internal quotation marks omitted)).

The plaintiffs point to only one potential procedural limitation in the 2017 cases; namely, the district court restricted their ability to amend their complaints when it assumed their first amended complaints reflected their "best efforts to plead their FLSA claims." Aplt. Opening Br. at 33 (italics omitted). But the district court did not restrict the plaintiffs' ability to amend. To the contrary, it declined to grant leave to amend sua sponte while explicitly acknowledging that the plaintiffs themselves could have sought leave to amend but had not. The plaintiffs' contention that a motion to reconsider would have been futile under these circumstances is pure

speculation. Moreover, the plaintiffs have not asserted any procedural limitation on their ability to file a direct appeal from the dismissal of the 2017 cases. *See Moitie*, 452 U.S. at 398 (noting that an erroneous judgment "can be corrected only by a direct review and not by bringing another action upon the same cause of action" (alterations and internal quotation marks omitted)).

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

9