**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SUSAN D. WILLIAMS,

      Defendant-Appellant.

No. 06-6362
(D.C. No. CIV-06-305-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Defendant-Appellant Susan D. Williams was held in civil contempt by the

United States District Court for the Western District of Oklahoma for failing to

comply with numerous court orders issued in connection with an Internal Revenue

Service ("IRS") summons. After the contempt fine was reduced to judgment,

Ms. Williams filed unsuccessfully for post-judgment relief under Fed. R. Civ. P.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

60(b) and then appealed to this court.  Because we conclude that we lack jurisdiction to review the underlying judgment, we dismiss Ms. Williams's appeal to the extent it seeks relief from that judgment or the contempt order itself.  With respect to her unsuccessful Rule 60(b) motion, we conclude the district court acted within its discretion in denying relief and we therefore affirm.

## I.  Facts and Procedural History

The parties are familiar with the facts leading to Ms. Williams's contempt citation, and we need not recite them at length here.  To summarize, in November 2005, the IRS issued an administrative summons to Ms. Williams, directing her to appear before an IRS officer to testify and produce documents relating to her personal income tax liability for several years.  After Ms. Williams twice failed to appear, on March 23, 2006, the IRS filed suit in district court seeking judicial enforcement of the summons.  On March 27, the court issued an order directing Ms. Williams to appear in court on May 4 and show cause why the IRS summons should not be enforced.  She failed to appear, and on May 8, the court issued an order granting the relief requested and directing Ms. Williams to appear before the IRS with the requested documentation.  After she failed to comply with this order, the court issued a subsequent order on June 30 ("Contempt Order"), finding Ms. Williams in contempt and imposing a fine of $15,000.  The Contempt Order directed Ms. Williams to appear before an IRS officer on July 20.  It further provided that she could purge herself of contempt and eliminate the fine by

complying with the order. Ms. Williams did not appear. Ultimately, she was arrested and brought before the court.

Following a hearing, the court issued an order and judgment on August 8, 2006. The court declined in this order to revisit its findings set forth in the Contempt Order. It reiterated, however, that the "fine was intended not as punishment but to compel [Ms. Williams's] appearance [before the IRS] . . . and otherwise ensure her compliance with the terms of the Contempt Order." Supp. App. at 59. The court emphasized that Ms. Williams could have purged herself of contempt and avoided sanctions by appearing before the IRS as directed. Since she failed to do so, it let the Contempt Order stand and reduced the $15,000 fine to judgment. It issued a separate document pursuant to Fed. R. Civ. P. 58 the same day.

On September 8, 2006, Ms. Williams filed an "Application Requesting Vacating or Purging of Contempt, or in the Alternative, Request For Hearing On Contempt" (Aplt. App. at 7), asking the court to revisit the Contempt Order and resulting judgment. She argued primarily that relief was warranted because her husband and daughter had conspired to hide from her all of the orders directing her to appear in court and before the IRS. She maintained that had she known that she was subject to such orders, she would have complied. In addition, she argued that relief was warranted because she had strictly complied with all court orders and IRS requests since being arrested. The court held a hearing on

November 3 and 7, 2006, and received testimony from Ms. Williams and her daughter as well as an IRS agent. It construed Ms. Williams's motion as being filed pursuant to Rule 60(b) and denied relief on the record at the November 7 hearing because it found Ms. Williams's arguments concerning her ignorance with respect to its orders to be either incredible or insufficient to justify relief.

> The defendant asserts that she did not know what she had been ordered to do and of equal significance for the purposes of this application, that she was unaware of the magnitude of the issues. To be influenced by this contention and the testimony which has been offered to support it, I would have to conclude that an apparently experienced lawyer was justified in relying upon and did in fact rely on her husband, a non-lawyer, to manage their joint legal representation in a matter that she had every reason to believe was a serious and potentially consequential legal matter.
> . . . I would further have to conclude that she reasonably made no personal effort to follow up to ascertain the status of the matter on an ongoing basis.
> . . . .
> Those assertions for the reasons I have outlined ring hollow with the Court. But even if true, they do not provide a basis on which the Court is inclined to grant discretionary relief from judgment.

Aplt. App. at 107-109. On December 8, 2006, Ms. Williams filed a notice of appeal as to this ruling.

## II. Discussion

The Government has filed a motion to dismiss this appeal for lack of jurisdiction, arguing that Ms. Williams is improperly attempting to appeal not only the district court order denying her Rule 60(b) motion, but also the underlying Contempt Order and judgment of August 8, 2006. Ordinarily, a

-4-

litigant in a case where the United States is a party must file a notice of appeal within 60 days of entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). That time period is suspended, however, if a party files a Rule 60(b) motion for post-judgment relief no later than ten days after the judgment is entered. *Id.* § (a)(4)(A)(vi); *Searles v. Dechant*, 393 F.3d 1126, 1129 (10th Cir. 2004). In this case, Ms. Williams's September 8 motion did not toll the time limit for filing a notice of appeal as to the court's August 8 judgment because it was not filed within ten days. Accordingly, her time limit for filing a notice of appeal as to the August 8 judgment expired on October 10.[1] Since she did not file her notice of appeal until December 8 it was untimely, and we therefore lack jurisdiction to review the August 8 judgment and underlying Contempt Order. *See id.* at 1130 (noting that untimely notice of appeal is insufficient to confer jurisdiction on this court); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that appeal from denial of Rule 60(b) motion "raise[d] for review only the district court's order of denial and not the underlying judgment itself").

The notice of appeal was timely, however, with respect to the court's November 7 decision denying Ms. Williams's request for post-judgment relief under Rule 60(b). We therefore have jurisdiction to review that order.

---

[1] The deadline would have fallen on Monday, October 9, but for the Columbus Day holiday.

Rule 60(b) allows a district court to relieve a party from a final judgment under various circumstances, only two of which could possibly apply here– 60(b)(1), which warrants relief for excusable neglect, and (b)(6), which warrants relief for any other equitable reason, *see Van Skiver*, 952 F.2d at 1244 (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case") (quotations omitted). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Beugler v. Burlington N. & Santa Fe Ry.*, 490 F.3d 1224, 1229 (10th Cir. 2007). "When doing so, we are mindful that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (quotation omitted). Here, the district court construed Ms. Williams's motion under Rule 60(b)(1) as seeking relief for excusable neglect, which, it concluded, she failed to establish. Our own review of the record reveals nothing to indicate this decision was an abuse of discretion. While Ms. Williams may have been kept in the dark about the district court orders, we agree with the district court's ultimate conclusion that her own ignorance did not justify her complete failure to check up on the status of an on-going IRS proceeding.

Although not specifically discussed by the district court, we also conclude that Rule 60(b)'s extraordinary relief was not warranted under subsection six. Such relief, we have held, "is appropriate only when it offends justice to deny" it. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quotation omitted).

"The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Id.* (quotation omitted). Ms. Williams has failed to show that the district court made a definite, clear, or unmistakable error in denying her Rule 60(b) motion. We therefore conclude that it did not abuse its discretion in doing so.

## III. Conclusion

The Government's motion to dismiss is GRANTED to the extent it seeks dismissal of Ms. Williams's appeal of the August 8, 2006, judgment and underlying Contempt Order, and is DENIED in all other respects. The district court's order denying Ms. Williams's request for post-judgment relief is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge