**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICK C. LYNN,

    Plaintiff - Appellant,

v.

ANTHONY MCCURRIE, Lansing
Correctional Facility, in his
individual capacity; FNU FORTIER,
Lansing Correctional Facility, in his
individual capacity; DEREK
SWEIGART, Lansing Correctional
Facility, in his individual capacity;
JOHN SPEER, Lansing Correctional
Facility, in his individual capacity;
LUCAS SERRANO, Lansing
Correctional Facility, in his
individual capacity; DAVID
SMITH, Lansing Correctional
Facility, in his individual capacity;
RYAN SHEPPARD, Lansing
Correctional Facility, in his
individual capacity; BRADLEY
BOYD, Lansing Correctional
Facility, in his individual capacity;
REX PRYOR, Lansing Correctional
Facility, in his individual capacity;
ANDREW LUCHT, Lansing
Correctional Facility, in his
individual capacity; COLETTE
WINKELBAUER, Lansing
Correctional Facility, in her
individual capacity; DAN EAST,
Lansing Correctional Facility, in his
individual capacity; CHRIS ROSS,
Lansing Correctional Facility, in his
individual capacity; TODD
WALTERS, Lansing Correctional

No. 19-3090
(D.C. No. 5:17-CV-03041-JWB-KGG)
(D. Kan.)

Facility, in his individual capacity; SHERRI PRICE, Lansing Correctional Facility, in her individual capacity; WADE SCHMIERER, Lansing Correctional Facility, in his individual capacity; CHRIS HUNT, Lansing Correctional Facility, in his individual capacity; FNU AYALA-PAGEN, Lansing Correctional Facility, in her individual capacity; SVEN HANSON, Lansing Correctional Facility, in his individual capacity; JEFFREY BAXTER, Lansing Correctional Facility, in his individual capacity; RICHARD MEIKLE, Lansing Correctional Facility, in his individual capacity; JOHN BAILEY, Lansing Correctional Facility, in his individual capacity; MIKE BILAR, Lansing Correctional Facility, in his individual capacity; FNU ONTIVEROS, Lansing Correctional Facility, in his individual capacity; FNU STOGSDILL, Lansing Correctional Facility, in his individual capacity; FNU ZWART, Lansing Correctional Facility, in his individual capacity; GREG RUSSELL, Lansing Correctional Facility, in his individual capacity; DANNY LASCON, Lansing Correctional Facility, in his individual capacity; FNU TINSLEY, Lansing Correctional Facility, in his individual capacity; FNU HART, Lansing Correctional Facility, in his individual capacity; JEFF GOLDRING, Lansing Correctional Facility, in his individual capacity; MELISSA WALDROCK, Lansing Correctional Facility, in her

2

individual capacity; LINDSEY WILDEMUTH, Lansing Correctional Facility, in her individual capacity; JAMES SKIDMORE, Lansing Correctional Facility, in his individual capacity; JAMES GIFT, Lansing Correctional Facility, in his individual capacity; FNU ERWIN, Lansing Correctional Facility, in his individual capacity; FNU MALONE, Lansing Correctional Facility, in his individual capacity; FNU GAY, Lansing Correctional Facility, in his individual capacity; THEODORE THOMPSON, Lansing Correctional Facility, in his individual capacity; FNU KARLIN, Lansing Correctional Facility, in his individual capacity; FNU GOMEZ, Lansing Correctional Facility, in his individual capacity; DAVID BAKER, Lansing Correctional Facility, in his individual capacity; JAMES HEINTZELMAN, Lansing Correctional Facility, in his individual capacity; JONATHAN LUNSFORD, Lansing Correctional Facility, in his individual capacity; FNU CUNNINGHAM, Lansing Correctional Facility, in his individual capacity; FNU PEMBERTON, Lansing Correctional Facility, in his individual capacity; FNU KARPIERZ, Lansing Correctional Facility, in his individual capacity; CARL FORAKER, Lansing Correctional Facility, in his individual capacity; FNU WILLIAMS, Lansing Correctional Facility, in his individual capacity; JOHN DOES 1-5, Lansing Correctional Facility, in their individual capacity; SAM

3

CLINE, Lansing Correctional Facility, in his individual capacity; FNU LANGFORD, Hutchinson Correctional Facility, in his individual capacity; CLAY VANHOOSE, Hutchinson Correctional Facility, in his individual capacity; FNU GORGER, Hutchinson Correctional Facility, in his individual capacity; FNU LAKZADEH, Hutchinson Correctional Facility, in his individual capacity; FNU GLOVER, Hutchinson Correctional Facility, in his individual capacity; FNU PELTER, Hutchinson Correctional Facility, in his individual capacity; FNU STIGGENS, Hutchinson Correctional Facility, in his individual capacity; FNU WEST, Hutchinson Correctional Facility, in his individual capacity; FNU BICKSLER, Hutchinson Correctional Facility, in his individual capacity; FNU SHOULDERS, Hutchinson Correctional Facility, in his individual capacity; TREY ROBINSON, Hutchinson Correctional Facility, in his individual capacity; JOHN DOES 6-12, Hutchinson Correctional Facility, in their individual capacity; FNU HAUBENSTEIN, El Dorado Correctional Facility, in his individual capacity; FNU SISSELL, El Dorado Correctional Facility, in his individual capacity; JOHN DOES, El Dorado Correctional Facility, in their individual capacity; JAMES HEIMGARTNER, El Dorado Correctional Facility, in his individual capacity; FNU

4

HERMRECK, El Dorado Correctional Facility, in his individual capacity; TAMMY MARTEN, El Dorado Correctional Facility, in his individual capacity; RAY ROBERTS, Kansas Department of Corrections, in his individual capacity; JOHNNIE GODDARD, Kansas Department of Corrections, in his individual capacity; JOHN SMITH, Kansas Department of Corrections, in his individual capacity; MARCI CAPPEL-CHMIDLING, Kansas Department of Corrections, in her individual capacity; DOUG BURRIS, Kansas Department of Corrections, in his individual capacity; PAUL CORBIER, Corizon Doctor, in his individual capacity; JERRY JORGENSON, Corizon, in his individual capacity; ALICIA CARDONA, Corizon Doctor, in her individual capacity; FNU SAYEED, Corizon Doctor, in his individual capacity; FNU HARROD, Corizon Doctor, in his individual capacity; JANE DOES 1-2, Corizon Nurse, in their individual capacity; FNU EINERSON, Corizon Nurse, in her individual capacity; FNU STROBEL, Corizon Nurse, in her individual capacity; DEB LUNDRY, Corizon HSA, in her individual capacity; JEFFREY RICE, Corizon Nurse, in his individual capacity; DUANE ROGER DENTON, Corizon Nurse, in his individual capacity; TIM MEADE, Corizon Nurse, in his individual capacity; MISTY KEOLAVONE, Corizon Mental Health Supervisor, in her individual capacity; LAUREN LUCHT,

5

Corizon HSA, in her individual capacity; JESSICA MADDOX, Corizon RN, in her individual capacity; EMILY PETERSON, Corizon RN, in her individual capacity; JESSICA VANDYKE, Corizon RN, in her individual capacity; SEAN GOODMAN, Corizon RN, in his individual capacity; FNU SHELBY, Corizon RN, in her individual capacity; BRENDA JOHNSON, Corizon RN, in her individual capacity; FNU LATOYZ, Corizon LPN, in her individual capacity; KELSI DINNEY, Corizon LPN, in her individual capacity; BRITTON DELEON, Corizon RN, in her individual capacity; COLLETTE CURTIS, Corizon, in her individual capacity; FNU CKEKE, Corizon Doctor, in his individual capacity; SUSAN DELAP, Corizon Nurse, in her individual capacity; LINZIE MENDOZA, Corizon RN, in her individual capacity; VICKI BRUNGARDT, SOC's Disciplinary Appeals Designee, in her official and individual capacity; JOE NORWOOD, Current Secretary of Corrections (Post March 2016), in his official and individual capacity; FNU ROBERTS, SST, Lansing Correctional Facility, in his individual and official capacity; FNU ICKE, CSI, Lansing Correctional Facility, in his individual and official capacity; FNU BAILEY, Captain (white man), Lansing Correctional Facility, in his individual and official capacity; RON BAKER, Deputy Warden, Lansing Correctional Facility, in his

6

individual and official capacity; BRETT PETERSON, Policy Compliance Officer, Lansing Correctional Facility, in his individual and official capacity; FNU GOODMAN, Lieutenant/A&D Supervisor, Lansing Correctional Facility, in his individual and official capacity; NICK BALL, Unit Team, Lansing Correctional Facility, in his individual and official capacity; NATE BLANEY, Unit Team Supervisor, Lansing Correctional Facility, in his individual and official capacity; FNU SCHARTZ, CMII, Lansing Correctional Facility, in his individual and official capacity; NATALIE PARKER, Unit Team Manager, Lansing Correctional Facility, in her individual and official capacity; STUART BAILEY, Current Major, Lansing Correctional Facility, in his individual and official capacity; FNU BALL, Unit Team Supervisor (now EAI Department), Lansing Correctional Facility, in his individual and official capacity; RON IRWIN, Former EAI Supervisor, Lansing Correctional Facility, in his individual and official capacity; FNU SHIPMAN, Deputy Warden, Lansing Correctional Facility, in his individual and official capacity; FNU NUSSBAUM, CO1, Lansing Correctional Facility, in his individual and official capacity; CAROLE GOODMAN, Lieutenant, Lansing Correctional Facility, in her individual and official capacity; FNU BAXTER, Lieutenant, Lansing

7

Correctional Facility, in his individual and official capacity; FNU BECK, CSI, Lansing Correctional Facility, in his individual and official capacity; FNU HOOVER, SST, Lansing Correctional Facility, in his individual and official capacity; MIKE BILAR, SST, Lansing Correctional Facility, in his individual and official capacity; JOHN DOE 1-10, Lansing Correctional Facility, in their individual and official capacity; JOHN DOES 1-20, Wrote retaliatory & perjurous D/Rs and who masqueraded as D/R hearing "staff assistants" or accuser witnesses, Lansing, Correctional Facility, in their individual and official capacity; D. SISCO, PREA "Investigator Phony", Lansing Correctional Facility, in his individual and official capacity; FNU HERSHBURGER, Current EAI Supervisor, Lansing Correctional Facility, in his individual and official capacity; FNU BANFOOT, Lieutenant, Lansing Correctional Facility, in his individual and official capacity; FNU BROWN, Captain, Lansing Correctional Facility, in his individual and official capacity; FNU BAER, CSI, Lansing Correctional Facility, in his individual and official capacity; FNU HAMLIN, CSI, Lansing Correctional Facility, in his individual and official capacity; FNU FERGUSON, CS1, Lansing Correctional Facility, in his individual and official capacity; JACK DOE, Librarian, Lansing

8

Correctional Facility, in his individual and official capacity; JOHN DOE 1-15, SST, El Dorado Correctional Facility, in their individual and official capacity; FNU SCOTT, SST/CO2, El Dorado Correctional Facility, in his individual and official capacity; FNU DOWLING, SST/CO1, El Dorado Correctional Facility, in his individual and official capacity; FNU WEIMERS, Former SST/MSGT, El Dorado Correctional Facility, in his individual and official capacity; FNU EVANS, SST, El Dorado Correctional Facility, in his individual and official capacity; FNU GOAD, SST, El Dorado Correctional Facility, in his individual and official capacity; FNU O'BRIEN, SST/MSGT, El Dorado Correctional Facility, in his individual and official capacity; FNU O'BRIEN, EAI/SA, El Dorado Correctional Facility, in his individual and official capacity; FNU MISHLER, Mailroom, El Dorado Correctional Facility, in her individual and official capacity; FNU SAPIEN, Captain, El Dorado Correctional Facility, in his individual and official capacity; FNU WALMSLEY, CMII, El Dorado Correctional Facility, in his individual and official capacity; DEANE DONLEY, CMII, El Dorado Correctional Facility, in her individual and official capacity; FNU GRIMMETT, CSI, El Dorado Correctional Facility, in his individual and official capacity; FNU MANSFIELD, Captain, El Dorado Correctional Facility, in his

9

individual and official capacity; FNU SMITH, Major, El Dorado Correctional Facility, in his individual and official capacity; TAMMY MARTIN, Unit Team Manager, El Dorado Correctional Facility, in her individual and official capacity; RANDY JOHNSON, CSI, El Dorado Correctional Facility, in his individual and official capacity; ANDREW JOHNSON, CS1, El Dorado Correctional Facility, in his individual and official capacity; MARIA BOS, CMII, El Dorado Correctional Facility, in her individual and official capacity; KENNY MCGUIRE, Lieutenant, El Dorado Correctional Facility, in his individual and official capacity; FNU FUOSS, Unit Team Supervisor, El Dorado Correctional Facility, in his individual and official capacity; FNU PETERSON, Unit Team Supervisor, El Dorado Correctional Facility, in his individual and official capacity; FNU QUIDACHAY, Captain, El Dorado Correctional Facility, in his individual and official capacity; FNU WHITESIDE, Former CS1, El Dorado Correctional Facility, in his individual and official capacity; FNU KNIGHT, CO1, El Dorado Correctional Facility, in his individual and official capacity; FNU LEON, CS1, El Dorado Correctional Facility, in his individual and official capacity; JOHN DOES 1-7, Involved in perjurous & retaliatory D/Rs, denials of medical attention heart attack symptoms emergenices, El

10

Dorado Correctional Facility, in their individual and official capacity; MARY NELSON, Deputy Warden, El Dorado Correctional Facility, in his individual and official capacity; FNU RAFFERTY, Unit Team Manager, El Dorado Correctional Facility, in his individual and official capacity; FNU PETTY, CS1, El Dorado Correctional Facility, in his individual and official capacity; FNU LYTTON, CS1, El Dorado Correctional Facility, in his individual and official capacity; FNU SHEARBURN, Unit Team Supervisor, El Dorado Correctional Facility, in his individual and official capacity; ANDREW PALM, CS1, El Dorado Correctional Facility, in his individual and official capacity; FNU LINK, CO2, El Dorado Correctional Facility, in her individual and official capacity; FNU BUCHANAN, Lieutenant, El Dorado Correctional Facility, in his individual and official capacity; FNU HAMILTON, CO2, El Dorado Correctional Facility, in his individual and official capacity; FNU LANDERS, CO1, El Dorado Correctional Facility, in his individual and official capacity; FNU RIVARD, CO1, El Dorado Correctional Facility, in his individual and official capacity; JONI COLE, Attorney, El Dorado Correctional Facility, in her individual and official capacity; DAN SCHNURR, Warden, Hutchinson Correctional Facility, in his individual and official capacity; FNU VIEYRA, CMIII, Hutchinson

11

Correctional Facility, in his individual and official capacity; TOMMY WILLIAMS, CMIII, Hutchinson Correctional Facility, in his individual and official capacity; T. HACKNEY, Unit Team Manager, Hutchinson Correctional Facility, in his individual and official capacity; FNU BENTLEY, Unit Team, Hutchinson Correctional Facility, in his individual and official capacity; FNU GILES, CS1, Hutchinson Correctional Facility, in his individual and official capacity; FNU KOOB, CO1, Hutchinson Correctional Facility, in his individual and official capacity; FNU PRICE, Captain, Hutchinson Correctional Facility, in his individual and official capacity; FNU POTTER, Former Captain, Hutchinson Correctional Facility, in his individual and official capacity; FNU BROWN, Lieutenant, Hutchinson Correctional Facility, in his individual and official capacity; FNU SEVEN, CS1, Hutchinson Correctional Facility, in his individual and official capacity; JORDAN BELL, Unit Team Manager, Hutchinson Correctional Facility, in his individual and official capacity; JOHN DOE 1-11, SST, Hutchinson Correctional Facility, in their individual and official capacity; FNU SCOTT, RN, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; JESSICA HOOD, LPN, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; FNU GEE, RN,

Corizon Health, Lansing Correctional Facility, in her individual and official capacity; ALICIA MCCOLLOUGH, HSA, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; FNU JOHNSON, RN, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; ALICIA DOUGLAS-CHAHINE, Mental Health Counselor, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; FNU OKEKE, Oncall Psychiatrist, Corizon Health, Lansing Correctional Facility, in his individual and official capacity; FNU NAWALNICK, Mental Health Doctor, Corizon Health, Lansing Correctional Facility, in his individual and official capacity; FNU MONFRED, Female Contract Doctor, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; JANINE WHITE, APRN, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; JANE DOE, 1, Mental Health Counselor, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; ASHLEY BARNES, Mental Health Counselor, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; JOHN DOE, 1, Former Male Mental Health Counselor, Corizon Health, Lansing Correctional Facility, in his individual and official capacity;

13

LAURA GARDNER, RN, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; JANE DOE, 2, Med Tech, Corizon Health, Lansing Correctional Facility, in her individual and official capacity; FNU MORRIS, RN, Corizon Health, El Dorado Correctional Facility, in her individual and official capacity; JANE DOES 1-7, Female LPNs and RNs, Corizon Health, El Dorado Correctional Facility, in their individual and official capacity; FNU WOLFE, RN, Corizon Health, El Dorado Correctional Facility, in her individual and official capacity; FNU SOLARIO, Mental Health Counselor, Corizon Health, El Dorado Correctional Facility, in her individual and official capacity; KEVIN EDWARDS, Mental Health Department Supervisor, Corizon Health, El Dorado Correctional Facility, in his individual and official capacity; FNU GADBERRY, Mental Health Counselor, Corizon Health, El Dorado Correctional Facility, in his individual and official capacity; FNU KING, Mental Health Counselor, Corizon Health, El Dorado Correctional Facility, in her individual and official capacity; FNU WILLIAMSON, Dentist, Corizon Health, Hutchinson Correctional Facility, in his individual and official capacity; JANE DOE 3, Dental Hygienist, Corizon Health, Hutchinson Correctional Facility, in her individual and official capacity; JANE DOE 1-5, RN, Corizon Health, Hutchinson Correctional

14

Facility, in their individual and official capacity; CORIZON HEALTH; JEFF COYLER, Kansas Governor, in his official capacity; DEREK SCHMIDT, Kansas Attorney General, in his official capacity; RUSS JENNINGS, Kansas Representative, Corrections Oversight Committee, in his official capacity; BLAINE FINCH, Kansas Representative, Judiciary Committee Chairman, in his official capacity; JOHN DOE 2, Leavenworth County Sheriff, in his official capacity; TODD THOMPSON, Leavenworth County District Attorney, in his official capacity; LIZ (LNU), APRN, Corizon Health, Hutchinson Correctional Facility, in her individual and official capacity; JOHN DOE 3, Butler County Sheriff, in his official capacity; MIKE DIVINNEY, Butler County District Attorney, in his official capacity; FNU HENDERSON, Reno County Sheriff, in his official capacity; FNU SCHROEDER, Reno County District Attorney, in his official capacity; J. DOE, KCOA Chief Judge, in his official capacity; LAWTON NUSS, Kansas Supreme Court Chief Justice, in his official capacity; STANTON HAZLETT; KANSAS JUDICIAL QUALIFICATIONS COMMISSION, Members, in their official capacity; KEVIN MORIARTY, Johnson County District Court Chief Judge, in his official capacity; FNU RYAN, Johnson County District Court Judge, in his official capacity; FNU (LNU), 1, Kansas Judicial Administrator, in their official

15

capacity; STATE OF KANSAS;
KANSAS DEPARTMENT OF
CORRECTIONS; STACY
SCHLIMMER, BIDS Attorney,
Overland Park, Kansas; KRISTEN
PATTY, BIDS Attorney, Wichita,
Kansas; PATRICIA SCALIA, BIDS
Director, State of Kansas; JOYCE
MORRISON, Kansas Appeal Court's
"Retention/Yes Vote" Campaign
Spokesperson for November 2016
General Election; STEPHEN
MCCALLISTER, Kansas US
Attorney, in his official capacity;
TOM BEALL, Former Kansas US
Attorney, in his official capacity;
ERIC JACKSON, Kansas FBI/SAIC,
in his official capacity; JEFF
SESSIONS, United States Attorney
General; DEPARTMENT OF
JUSTICE CIVIL RIGHTS
DIVISION,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.

_____

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is thus ordered submitted without oral argument.

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After Mr. Patrick Lynn filed a first amended complaint, the district court found the pleading defective and ordered him to amend. He didn't, and the court dismissed the action for lack of prosecution. Mr. Lynn appealed, and we dismissed the appeal for lack of prosecution.

Mr. Lynn then moved under Federal Rule of Civil Procedure 60(b) to reopen the action, and the district court denied the motion. Mr. Lynn appeals the denial of his Rule 60(b) motion, and we affirm.

## 1. Mr. Lynn violates an order to file a second amended complaint.

Mr. Lynn is a state prisoner. Three years ago, he sued more than 100 parties for damages. Mr. Lynn requested leave to file a first amended complaint. The court granted leave but instructed Mr. Lynn to comply with various procedural rules, including those governing joinder of parties and claims:

> [U]nder Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

R., Vol. 1 at 225. After three extensions of time, Mr. Lynn filed the first amended complaint, which included 48 counts against hundreds of parties.

17

The district court instructed Mr. Lynn that the first amended complaint had violated (1) Rule 8's requirement for a short and plain statement of the claim and (2) the joinder requirements of Rules 18 and 20. Given these violations, the court ordered Mr. Lynn to file a second amended complaint by July 20, 2018. The court cautioned that "[f]ailure to comply with this order [would] likely result in dismissal of this case without further notice." R., Vol. 3 at 44.

Mr. Lynn obtained extensions of almost four months. On the eve of the last deadline, Mr. Lynn filed a motion to stay his federal action pending the resolution of a state-court action that he had characterized as "an exact duplicate of the money damages claims at bar in this case." *Id.* at 68. He asserted that filing a second amended complaint would be easier when he prevailed in his state-court action.

The district court denied Mr. Lynn's motion, stating:

The court is not convinced that a stay is warranted. Plaintiff initiated this action and has a duty to diligently prosecute his case. This case has been pending for over twenty months, and Plaintiff has received multiple extensions of time in this case. The Court's most recent order granting Plaintiff an extension of time noted that Plaintiff requested a "final 30-day extension of time," and granted Plaintiff an extension of time to November 19, 2018, to file his second amended complaint. Due to the delay in this case, the court denies Plaintiff's request for a stay, but will grant Plaintiff a brief extension of time to file his second amended complaint. Failure to file a proposed second amended complaint by this deadline will

18

subject this matter to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b).

*Id.* at 103-04 (citation omitted).

Mr. Lynn did not file a second amended complaint. So the district court dismissed the action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Mr. Lynn appealed, and we dismissed that appeal for lack of prosecution.

**2.    The district court denies Mr. Lynn's Rule 60(b) motion.**

Mr. Lynn then filed a Rule 60(b) motion to reopen his action in district court. He cited Rules 60(b)(5) and 60(b)(6), which permit relief from judgment when "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Mr. Lynn attributed his delay to multiple heart attacks, cancellation of surgeries, and inability to obtain legal files from his attorney.

The district court denied the Rule 60(b) motion. The court noted the multiple extensions and explained that

- Mr. Lynn had failed to take advantage of the extra time despite the warnings that noncompliance would result in dismissal,

- Mr. Lynn's Rule 60(b) motion had simply rehashed his earlier arguments, and

19

- the court had previously advised Mr. Lynn that he did not need access to all of his legal files to excise unrelated claims and defendants from his first amended complaint.

See *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) ("Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court.").

## 3. The district court also declines to appoint counsel.

Before filing his Rule 60(b) motion, Mr. Lynn also moved twice for appointment of counsel. Both times, the district court denied the motion without prejudice to refiling.

After the court denied the Rule 60(b) motion, Mr. Lynn also moved for appointment of counsel in order to appeal. The court denied this motion, too.

## 4. The district court acted within its discretion in denying the Rule 60(b) motion.

On appeal, Mr. Lynn challenges the denial of his Rule 60(b) motion. For this challenge, we apply the abuse-of-discretion standard. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). With its discretion, the district court should grant relief under Rule 60(b) only in "extraordinary and . . . exceptional circumstances." *Id.* (internal quotational marks omitted). We will reverse the denial of a Rule 60(b) motion "only if we find a complete absence of a reasonable basis and are certain that the decision is

wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (ellipsis and internal quotation marks omitted).

On appeal, we address the denial of Mr. Lynn's Rule 60(b) motion rather than the underlying judgment. *See Servants of the Paraclete*, 204 F.3d at 1009. But in his appeal brief, Mr. Lynn argues only that the district court erred by dismissing the first amended complaint. This argument fails to address the relief that Mr. Lynn requested in his Rule 60(b) motion or the district court's reasons for denying that motion.

Though we liberally construe Mr. Lynn's pro se appeal brief, we will not construct arguments for him. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). He has not challenged the reasonableness of the district court's reasons for denying the Rule 60(b) motion. He thus fails to show that the district court abused its discretion in denying relief under Rule 60(b).

**5. We lack jurisdiction over the denials of Mr. Lynn's requests for counsel.**

Mr. Lynn also argues that the district court should have appointed counsel for him. But Mr. Lynn has appealed only the

21

denial of his Rule 60(b) motion. *See* Dkt. 106 (notice of appeal). In that motion, Mr. Lynn didn't seek appointment of counsel.

Two of the requests had preceded the initial order dismissing the case, and we dismissed that appeal for lack of prosecution. *See* Part 1, above. We thus lack appellate jurisdiction over the denial of these requests for counsel.

Mr. Lynn also argues that the district court erred in denying his motion for appointment of appellate counsel. But Mr. Lynn made this request after he filed the notice of appeal, and our jurisdiction is limited to the rulings addressed in the notice. *See Sports Unlimited, Inc. v. Lankford Enters., Inc.*, 275 F.3d 996, 1003 (10th Cir. 2002). So we lack appellate jurisdiction over this request for appointment of counsel.

**6.    We also deny appointment of counsel in the appeal.**

In seeking leave to proceed in forma pauperis, Mr. Lynn includes a sentence requesting us to appoint counsel in the appeal based on his inability to obtain his case file or needed legal materials. The issues in the appeal are narrow, however, and Mr. Lynn has not explained what parts of the case file are needed to properly address the appeal. His appeal involves only the failure to comply with the district court's order. We thus decline to appoint counsel for Mr. Lynn.

22

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge