FILED
United States Court of Appeals
Tenth Circuit

May 20, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

ROBERT JW MCCLELAND,

Plaintiff - Appellant,

v.

RICK RAEMISCH; RENAE JORDAN;
SUSAN TIONA; DEBORAH BORREGO;
JOANNE MCGREW; DAYNA
JOHNSON,

Defendants - Appellees.

No. 21-1303
(D.C. No. 1:18-CV-00233-PAB-NYW)
(D. Colo.)

_____

## ORDER AND JUDGMENT*

_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.

_____

Plaintiff Robert JW McCleland, a pro se inmate, asserted Eighth Amendment

violations under 42 U.S.C. § 1983 against employees of the Colorado Department of

Corrections ("CDOC").  His claims were premised on an alleged delay in treatment

for hepatitis C.  The district court granted summary judgment in favor of the

defendants, and we affirmed in *McCleland v. Raemisch*, No. 20-1390, 2021 WL

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

4469947 (10th Cir. Sept. 30, 2021) ("*McCleland I*"), *cert. denied*, 142 S. Ct. 1155 (2022). While that appeal was pending, Mr. McCleland filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), which the district court denied. He now appeals that denial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Before his incarceration, Mr. McCleland contracted hepatitis C virus ("HCV"), which is primarily associated with liver damage. Mr. McCleland claims that while in prison he experienced non-liver manifestations of HCV and therefore requested an antiviral therapy. CDOC policy, however, mandated therapy only when an inmate's blood test indicated a particular level of liver scarring. Mr. McCleland's blood tests between June 2016 and December 2017 yielded results that did not require the therapy under that policy, so the defendants denied his request.

Mr. McCleland filed his lawsuit in February 2018, alleging the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. In July 2018, the CDOC revised its policy, lowering the threshold to qualify for the antiviral therapy. Based on a more recent blood test, Mr. McCleland qualified for the treatment, which he completed three months later. Lab tests in January 2019 showed he was clear of HCV.

The CDOC policy change occurred five months after Mr. McCleland filed his lawsuit, so the focus of his claims shifted to whether the alleged delay in administering the therapy caused actionable injury. During discovery, he filed three motions for appointment of counsel, each stressing the need for expert medical

2

testimony.  The district court denied those motions.  Mr. McCleland later moved for appointment of an independent expert witness under Fed. R. Evid. 706.  The court denied that motion, concluding Mr. McCleland sought an expert not to assist the court but to support his view of the evidence.  He then filed a fourth motion for appointment of counsel, which again was denied.

The defendants filed a summary judgment motion relying on expert declarations.  The former CDOC chief medical officer averred that while there was at best an association between HCV and non-liver disease, no studies had established causation.  Another expert averred that lab tests conducted on Mr. McCleland were inconclusive or unremarkable for the conditions he claimed were caused by the delay in his HCV treatment.  The expert acknowledged, however, that in October 2019, Mr. McCleland had been diagnosed with chronic kidney disease of unknown cause. Mr. McCleland responded with citations to medical literature indicating a causal link between HCV and kidney disease.  He also submitted two expert declarations that had been filed in other lawsuits.

The magistrate judge recommended granting the defendants' motion.  *See* Fed. R. Civ. P. 72(b)(1).  She declined to consider Mr. McCleland's medical literature because he offered no expert to interpret it and he lacked the expertise to do so himself.  She thus deemed the defendants' evidence undisputed as to whether the delay caused any injury.  Mr. McCleland objected to the recommendation under Fed. R. Civ. P. 72(b)(2) on the ground that his lack of expert evidence should not be held against him given his motions for the appointment of counsel and an

3

independent expert.  The district court accepted the recommendation over Mr. McCleland's objection, *see* Fed. R. Civ. P. 72(b)(3), and Mr. McCleland appealed.

Mr. McCleland argued on appeal that the district court erred in granting summary judgment and that it should have appointed counsel and an expert.  We rejected these arguments, holding:  "The district court did not abuse its discretion when it refused to appoint counsel or an expert.  In turn, it properly granted summary judgment to defendants because [Mr.] McCleland lacked evidence necessary to prove the causation element of his case." *McCleland I*, 2021 WL 4469947, at *6.

During the pendency of Mr. McCleland's appeal, he filed a motion in the district court for relief from judgment under Fed. R. Civ. P. 60(b).  First, he argued that a kidney biopsy revealed new evidence concerning the connection between his kidney disease and HCV, and he therefore sought relief under Rule 60(b)(2).  Second, he sought relief under Rule 60(b)(3) based on his assertions that (1) the defendants misrepresented the 2016 medical community's understanding when they asserted no causative link had been established between HCV and non-liver disease, and (2) Mr. McCleland's lab tests could not have been used to determine causation.  With respect to both requests for relief, Mr. McCleland asked the district court to take judicial notice of additional factual conclusions he gleaned from medical texts.  Finally, he renewed his request for the appointment of an expert.

The defendants did not respond to Mr. McCleland's motion, but the district court nevertheless held Mr. McCleland had not carried his burden under Rule 60(b).

The district court rejected Mr. McCleland's Rule 60(b)(2) and 60(b)(3) requests because they depended on the court taking judicial notice of various medical texts, which the court refused to do. The court also rejected his request for the appointment of an expert on the ground that it was simply a renewed argument the district court had already rejected. This appeal followed.

## II.  DISCUSSION

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Although a district court has discretion to grant relief as justice requires, "such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotation marks omitted). We hold that the circumstances of Mr. McCleland's case do not warrant the extraordinary relief contemplated by Rule 60(b).

### A.  Rule 60(b)(2) Request for Relief

Mr. McCleland argues the district court abused its discretion when it denied his motion based on newly discovered evidence under Rule 60(b)(2). To prevail on such a motion, the movant must show that (1) the evidence is newly discovered, (2) the movant was diligent in discovering the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence would have been material, and (5) the evidence probably would have produced a different a result. *Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1529 (10th Cir. 1997).

Mr. McCleland's requested relief required the district court to take judicial notice of purported facts that he says flow from the results of his kidney biopsy.

5

Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of a particular fact only if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Mr. McCleland says in his opening brief that he asked the district court to take judicial notice that: (1) his newly discovered biopsy results prove he has suffered kidney disease; (2) medical literature shows that HCV causes specific types of kidney damage; (3) it was common knowledge in the 2016 medical community that HCV causes kidney damage; and (4) the 2016 medical community knew that HCV-associated kidney damage was an objectively serious reason to treat HCV. The district court declined to take judicial notice of these purported facts and therefore denied relief. This was not an abuse of discretion, for two reasons.

First, the facts Mr. McCleland wishes the court to take judicial notice of are very much in dispute. The defendants' expert declarations, submitted in support of their summary judgment motion, averred that no studies have proven HCV causes non-liver disease and that Mr. McCleland's lab tests were mostly inconclusive for diseases he claimed were caused by delay in HCV treatment. *See McCleland*, 2021 WL 4469947, at *2. Mr. McCleland's purported facts therefore do not qualify as the type of facts of which a court may take judicial notice under Rule 201(b). *See United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002) ("[T]ak[ing] judicial notice of a fact whose application is in dispute . . . raises doubt as to whether the parties received a fair hearing." (internal quotation marks omitted)).

Second, in granting summary judgment, the district court held that Mr. McCleland's own interpretations of the medical evidence are insufficient because

he lacks the necessary medical expertise.  We affirmed and noted: "If [Mr.] McCleland needs expert testimony to prove his claims—and he has never argued otherwise—then his failure to present expert causation testimony at summary judgment mandated judgment in defendants' favor." *McCleland I*, 2021 WL 4469947, at *3.  Mr. McCleland still does not have an expert to interpret his newly discovered evidence.  Accordingly, Mr. McCleland's biopsy results, together with the medical facts and literature he wishes the court to take judicial notice of, would not have produced a different result.  *See Wolfgang*, 111 F.3d at 1529.

In short, we hold that the district court did not abuse its discretion in denying relief based on newly discovered evidence under Rule 60(b)(2).

## B.  Rule 60(b)(3) Request for Relief

Mr. McCleland argues the district court erred in denying relief based on Rule 60(b)(3), which allows a court to relieve a party from a final judgment based on "fraud . . . misrepresentation, or misconduct by an opposing party."  The party relying on Rule 60(b)(3) "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).  The movant must show that the adverse party "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Mr. McCleland's motion under Rule 60(b)(3).  Mr. McCleland has not established the defendants acted

7

with an intent to deceive or defraud by means of a deliberate plan and carefully executed scheme. *Id.* at 1231. In addition, it appears that at the time the defendants filed their summary judgment motion, the district court was fully aware of the medical literature on which Mr. McCleland now relies in part for his Rule 60(b)(3) request. *See* R. Vol. II at 49 (acknowledging that "some [medical] literature may link chronic [HCV] to . . . non-liver . . . manifestations").

## C. Appointment of an Expert

Finally, Mr. McCleland argues the district court erred in failing to appoint an expert under Fed. R. Evid. 706, "to help the court understand the medical facts that Plaintiff presented in his [Rule] 60(b) motion." Opening Br. at 13. We discern no error. As we observed in *McCleland I*, we review Rule 706 rulings for an abuse of discretion. 2021 WL 4469947, at *4 (citing *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016)). Mr. McCleland argues the district court abused its discretion because it held he needed a medical expert to present his facts, yet refused to appoint an expert because his argument was not sufficiently complex. Mr. McCleland has already presented this argument, and we rejected it. As we held:

> [W]e see no incongruity. Rule 706 was not designed to fill in the gaps for a party who cannot find or afford an expert. We assume the district court could use that rule to solicit an independent second opinion in a case like this . . . , but we hold it was not an abuse of discretion to decline to do so.

*Id.* at *5 (citing *Rachel*, 820 F.3d at 398). Nothing in Mr. McCleland's Rule 60(b) motion changes this analysis.

### III.  CONCLUSION

For the foregoing reasons, we affirm the district court's order denying Mr. McCleland's motion for Rule 60(b) relief and denying his related request for the appointment of an expert.  We further deny Mr. McCleland's motion for the appointment of appellate counsel.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge